*553 By the Court.
Bosworth, J.
—The regularity of the proceedings, on the part of the defendants, to ascertain the compensation to be made to the plaintiff for so much of his land as was actually taken, or physically affected by any operation connected with the construction of their road, or for the purpose of its maintenance, is not questioned. No departure from, or want of conformity to the provisions of the act of incorporation, and of the acts amendatory thereof, in any of the things done to vest in them the title to the part taken, or the right to .injuriously affect other parts not taken, has been pointed out, or is apparent. The title to the former, and the right to injuriously affect the latter, became perfect on the 8th of July, 1848. There is no error in the decision made at the trial, that those proceedings were a complete justification for any entry, after the 9th of July, 1848, on, or injury to, the lands taken for the road. It is not pretended that any was actually taken which the petition did not describe as lands intended to be taken, nor that any land was physically injuriously affected, except such as the petition described that it was necessary to injuriously affect.
It was submitted to the jury to find whether there had been any entry prior to the 9th of July, 1848, on any land of the plaintiff, lying above high water mark, by the defendants, or those who had contracted to construct any part of the road for them, or by- the men in their employ ; and they were instructed, if they found there had been, to find a verdict for the plaintiff, and if they found there had not been, that the defendants were entitled to a verdict. The jury found a verdict in favor of the defendants. This portion of the charge was correct, and the verdict was justified by the evidence.
The plaintiff requested the judge to charge the jury, that he was entitled to recover for any entry, prior to the 9th of July, 1848, on any part of the premises described in the complaint in this action, or in the proceedings of the defendants for the ascertainment of compensation to be made, as parcels No. 26 and 28, lying between high-water and low-water mark. The judge refused to so charge, and to such refusal the plaintiff excepted.
The judge did not err in refusing to charge as requested.
The complaint states the western boundary of the plaintiff’s *554 land to be the high-water mark of the Hudson river. It does not state that he owns the fee of the strip between high-water mark and low-water mark, or that he has any estate in it; or right to the possession of it, or that he was ever in the occupation of it. But it does state “ that on a portion of said land is a dock, of which he has been seized and possessed for the time aforesaid ” (the time he became seized of the land, which is alleged to have been in July, 1835); “ that as the owner of the aforesaid lands, he is entitled to grants of the land lying under water, and in front of the lands above described.” That the operation of the defendants in constructing their road, “ has prevented the said plaintiff from passing from his said real estate to the river in front thereof, and has rendered thereby the plaintiff's right to the aforesaid water-grants valueless, to a great degree, and has thereby greatly injured the real estate in the two aforesaid closes, fronting on said (12th) Avenue, by reducing the price of a great part thereof, and taking from the plaintiff another larger part thereof for said road.”
The deeds given in evidence by the plaintiff, and under which he claimed title to the closes described in his complaint, bound them, northwesterly, “ the Hudson river.” He shows no right to grants of the land lying under water and opposite to the two closes, except such as results from ownership of the land bounded by the Hudson river. Whatever right he may have had, appurtenant to his lands described in the complaint, if in judgment of law, it would be injured by the construction and maintenance of the road, it must be presumed that the commissioners took such injury into consideration, and included in their assessment a sum which they deemed a compensation for it.
If any such right has been rendered less valuable, by reason of access to the river from his other lands having been cut off, and if access to it cannot be had by any of the means contemplated by the act, and if such a result was not foreseen, and for that reason the injury was not estimated, the remedy of the plaintiff is an appraisal under § 28 of the act of 1846. (Laws of 1846, p. 283.)
If access may be had to it through any of the means pointed out in \ 16 of the act, and if the company is in fault for not having provided them, the obvious remedy is an action to *555 recover damages for not having performed a duty enjoined by the act, or to compel its specific performance.
The hypothetical question put to the witness Richard Oakley, was properly excluded. The question was thus : 2. “ Suppose a lot extending east from the dock and having a connection by the road spoken of with such docks ; state whether or not such lot was injured in value by the construction of the railroad, and cutting off any access to the dock ?” The judge refused to allow the question to be put, and the plaintiff’s counsel excepted to the decision.
The complaint does not allege as a specific ground of damage, that access to the dock from the land east of it has been cut off, and that the value of the lands thus situated has been diminished by that cause. It alleges that the usefulness of the dock has been destroyed. Of this there was no proof. Indeed there could not well be, as its utility at more remote periods is entirely fabulous, and during more recent times has been almost impossible. The complaint also alleges that the plaintiff has been prevented from passing from his lands to the river in front thereof, whereby his right to the water-grants has been rendered to a great degree valueless, and thereby his real estatq fronting on the river has. been injured by reducing the price of a great part thereof, and taking another larger part thereof for the road. The ground of complaint therefore is, that the real estate fronting on the 12th Avenue, has been, as to a part of it, depreciated in value, by rendering worthless the right to water-grants, and as to other parts of it, by actually taking them for the road, and not that the general value of the lands east of the road has been reduced by rendering access from them to the dock difficult. The judge properly decided that the proposed inquiry was irrelevant to any issue formed by the pleadings.
Any contingent and consequential depreciation of the value of the portion of the land not taken, in consequence of the construction of a railroad in a proper manner, and according to its charter, whether reference be had to its market value, or its desirableness as a residence, or for general or any particular use, cannot be made the basis of an action to recover damages beyond, or in addition to the compensation awarded for taking so much of the land as was properly taken. If the usual access *556 to the river cannot be conveniently had by reason of the low supporting walls, the obvious remedy is an action for the nonperformance of the duty enjoined by § 16 of the act of 1846, p. 280, and not an action of trespass, for an unauthorized entry upon the plaintiff’s lands.
If the injury which the question assumes has been occasioned, was one obviously to result from the construction of the road, and foreseen by the appraisers, I do not see that the party has any remedy by action to recover for the damages resulting from it. The proceedings before the appraisers cannot be reviewed collaterally in such an action, nor can any supposed errors there committed, be thus redressed.
If the road has made access to the river, through any of the means pointed out in § 16 of the act of 1846, impracticable, and this was not foreseen by the appraisers, nor taken into the estimate on the first appraisal, the consequential damages, if any, are to be appraised as provided by § 28 of that act. The presumption is, that every injury, which, in judgment of law, would result to the other adjacent property of the owner, from taking a part of his land for the construction of the road, and from the use of it in a proper manner when constructed, was foreseen by the appraisers, and included in their first estimate. If it was foreseen and not estimated, it is not obvious that any collateral remedy remains to the owner of the land to recover for it.
If access has been cut off, but could be had if the duty enjoined by § 16, was preferred; the appropriate remedy is an action to recover damages for non-performance of this specific duty, or to compel it to be executed.
But the excluded question only asked for an estimate of damages to a “ supposed lot” of no particular character or area; “ extending east from the dock, and having a connection by the road spoken of with such dock, * * by the construction of the railroad, and the cutting off access to it.” It was not asked, what the damage to these particular lots of the plaintiff, or to either of them, would be from such a cause. If it had been, the question would have been an improper one, independant of any objections to it, arising from the character of the issues formed by the pleadings. All damages resulting from *557 the construction of the road to any portions of the land not taken, and being the natural and ordinary consequences of it, for which an owner can claim compensation, are covered by the estimate of the appraisers. If non-access to the dock cannot be obviated, and if such a result was not foreseen nor estimated, a specific remedy is provided by § 28. If it can be obviated in the manner provided by § 16, and the company is in fault for not having done the duty enjoined by that section, and if the omission produces a damage ; the owner, in a suit, stating and establishing such a cause of action, will be entitled to relief. The complaint in this action does not state facts on which a claim to recover for such a cause can be made. We are of the opinion that no error was committed in any decision made, or refusal of the judge at the trial, to charge as requested, and that there is no case made by the evidence given, entitling the plaintiff to recover. Judgment must be entered in favor of the defendants upon the verdict rendered.