DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

## April, 1879.

WILLIAM HENDERSON AND OTHERS, REPRESENTATIVES OF
MATHER WILLIAMS, DECEASED, RESPONDENTS, v. THE
NEW YORK CENTRAL RAILROAD COMPANY, APPEL-
LANT.

*Unauthorized use of a street by a railroad — damages recoverable therefor —*
*when such use will be restrained by injunction.*

This action was brought by the owner in fee of a lot and the street in front
thereof, in the city of Syracuse, seeking to recover damages from the
defendant for the use of a portion of the street by it for railroad purposes, and
to restrain the defendant from the further use of it; or for a judgment that, if
it be permitted to continue such use, it should only be on condition of paying
the damages occasioned thereby. After the commencement of the action the
plaintiff died, and his executors and devisees were substituted in his place.
Before the trial plaintiffs had sold the lot abutting on the street, reserving the
right to recover the damages sustained from the defendant.

The referee found that, by reason of the construction and use of defendant's rail-
road, the plaintiff's testator sustained damage in the impaired value of his
lands and the rents and profits thereof; fixed the amount of such depreciation
and added interest from a date, not exceeding six years prior to the commence-
ment of the suit. *Held,* that such damages were properly recoverable in this
action.

The referee further directed that if the plaintiffs tendered to the defendant a
conveyance of their interest in the land in said street, and a release of their
damages, except the amount awarded, the defendant should pay a further sum,
— the value of the land used by the defendant — with interest from the date of
the report, and in default of such payment the defendant should be perpetually
enjoined from using the street; and if such tender was not made an injunction
was denied.

*Held,* that as the plaintiffs were entitled to an injunction unconditionally they only, and not the defendant, could complain of the limitation imposed upon this right by the referee.

APPEAL from a judgment entered on the report of a referee.

The action was brought in 1853, by Mather Williams, the plaintiffs' decedent, praying for an injunction restraining the defendant from using certain portions of Washington street, in the city of Syracuse, described in the complaint, for the purposes of a railroad, and to recover damages for the past use; or for a judgment that if they be permitted to continue such use, it shall be only on condition of their paying the damages sustained.

Williams and others, being the owners of the lands through which Washington street runs, laid out and dedicated said street to the use of the public. The defendant laid its tracks in said street, and used the same, with the consent of the public authorities having charge of the street, but without obtaining the consent of Williams or making compensation to him.

The action has been tried three times. The first trial was by the court, without a jury, and resulted in a judgment for the defendants, which was reversed by the Court of Appeals, and a new trial was ordered (16 N. Y., 97). In 1868, the cause was tried a second time by Hon. Henry A. Foster, as a referee, who ordered judgment for the plaintiff for $19,605.83. He denied the prayer for an injunction, but ordered that upon payment of said sum, the fee of the portions of the street belonging to the plaintiff · vest in the defendant for the use of their railroad. That judgment was reversed by the General Term in the fifth district. About that time Williams, the plaintiff, died, and his executors and residuary legatees and devisees were made plaintiffs, by order of the court. In 1876, the cause was tried by another referee, who ordered judgment in favor of the plaintiffs for $19,508.79 damages, besides costs, and further ordered that if the plaintiffs should tender to the defendant a conveyance of their interest in the land in question, in said street, and a release of their damages, except said sum of $19,508.79, the defendant should pay to the plaintiffs the further sum of $4,339.43 and interest from the date of the report; and in default of such payment, the defendant should be perpetually

enjoined from using such portions of said street ; and if the plaintiffs should fail to make such tender, the injunction was denied. Upon the last trial, the referee found that the construction and use of the railroad greatly impaired the value of the lands of the plaintiffs, fronting upon Washington street, and extending to its center, and also the value of the rents and profits thereof. He also found that, previous to such trial, all of said lands fronting said street, had been sold by said Mather or the plaintiffs. All claims for damages caused by the construction and use of said railroad were, however, reserved and excepted from the conveyances thereof. From the judgment entered upon the last report the defendant has taken this appeal.

*Jas. R. Cox*, for the appellant. The plaintiffs are not entitled to recover a single dollar of all the supposed damages proved, and exhibited in the judgment, because we were in possession, and have continued to be. (*Carpenter* v. *Oswego R. R.*, 24 N. Y., 656; *Wohler* v. *Buff. and St. L. Co.*, 46 id., 686 [MS. opinion].) And until plaintiffs recover the possession in ejectment, they can only recover the damages (probably nominal) resulting from the original ouster and possession taken by defendants. (*Monckton* v. *Pashley*, 2 Lord Raym., 975; so in *Croke*, Elizabeth, 540; and in Roll. Abridgment, 553; 3 Blackstone's Commentaries, chapter 12, page 210; *Case* v. *Shepherd*, 2 Johns. Cases, 27; *Holmes* v. *Seeley*, 19 Wend., 507; *Leland* v. *Toucey*, 6 Hill, 328; *Holmes* v. *Davis*, 19 N. Y., 488; *Frost* v. *Duncan*, 19 Barb., 560; *Wohler* v. *B. and St. L. R. R.*, 46 New York, 686; Sedgwick on Damages, 64, and cases cited, page 66.) Because these damages are not the " natural and proximate consequences " of the act of entry and ouster complained of. (*Carson* v. *Central R. R. Company*, 35 Cal., 325; *Looker* v. *Damon*, 17 Pick'g, 284; 1 Chitty Pl. [6 ed.], 441; 2 Greenleaf Ev., sec. 256; *Dickinson* v. *Boyle*, 17 Pick'g, 978; *Brown* v. *Cummings*, 7 Allen, 507; 1 Waterman Tresp., 103.) Here was a trespass committed on Washington street by defendants " under an honest mistake, without intent to injure. The damages should be confined strictly to compensation for the injury sustained by the trespass." (1 Waterman Tresp., 102; *Allison* v. *Chandler*, 11 Mich., 542;

*Dibble* v. *Morris*, 26 Conn., 416; *Beecher* v. *Derby*, 24 id., 491; *The Proprietors, etc.,* v. *Nashua Railway*, 10 Cushing, 385, 390, 391; see, also, Sedgw. Dam's, sec. 82, sub. 12, etc.)

*D. Pratt*, for the respondents. The right of plaintiffs to recover for the unauthorized occupation of Washington street, in said city, was adjudged conclusively by the Court of Appeals in this case. (*Williams* v. *N. Y. C. R. R. Co.*, 16 N. Y., 97; *Craig* v. *The Rochester City and Brighton R. R. Co.*, 39 id., 404; *Rochester Gas Light Co.* v. *Calkins*, 62 id., 386; *Carpenter* v. *Oswego and Syracuse R R. Co.*, 24 id., 685; *Mahon* v. *N. Y. Central R. R. Co.*, id., 658; *Milhau* v. *Sharp*, 27 id., 611.) There has been, since the decision of this case, some conflict in the decisions where the fee of the street has been in the public, but none where the fee remained in the adjacent owner, either in this country or in England. In England compensation is to be made for lands appropriated or injuriously affected. In *Eagle* v. *The Charing Cross Railroad Company*, the plaintiff was allowed £650 for diminishing his light. (2 Law R. [Com. P.], 638.) The defendant was a trespasser. He was therefore liable for all the damages which naturally or necessarily resulted from such trespass. (3 Duer, 406; 6 id., 315; 24 Barbour, 273.) The rule in such cases is this : What was the fair marketable value of the whole land and what is the fair marketable value of that not taken, and the difference is the proper compensation to be awarded. (*Matter of Rensselaer and Saratoga R. R.*, 4 Paige, 553; *Kogle* v. *Auburn and Roch. R. R. Co.*, 2 Barbour's Chancery, 489; *Wand* v. *Same*, 4 · Seldon, 160; *Troy and Boston R. R.* v. *Lee,* 13 Barb., 169; *Road* v. *New York and Erie R. R.*, 18 id., 80; *Furniss* v. *Hudson River R. R. Co.*, 5 Sand., 551; *Crawford* v. *The Village of Delaware*, 7 Ohio St., 459; *Cumminsville et al.* v. *The Cincinnati Railway Co.*, 14 id., 524; *Haynes* v. *Thomas*, 7 Ind., 88; *Tate* v. *Ohio and Miss. R. R. Co.*, id., 479; *Bosman* v. *The I. and C. R. R. Co.*, 9 id., 467; *Lockland* v. *North Mo. R. R. Co.*, 31 Mo., 180; *Rowan's Ex'r* v. *Town of Portland*, 8 B. Monroe, 282; *Brand* v. *Hammersmith*, 2 Queen's Bench [L. R.], 225; see, also, *Chamberlain* v. *West End R. R. Co.*, 2 Best & Smith, 605; 5 id., 164; *Beckett* v. *The*

*Midland Railway Co.*, 3 C. B. [Law R.], 83; *Drake* v. *The Hudson R. R. R. Co.*, 7 Barb., 508; *Fletcher* v. *The Auburn and S. R. R. Co.*, 25 Wend., 462; *Mahon* v. *The U. and S. R. R. Co.*, Lalor, 150; S. C., 24 N. Y., 658.)

SMITH, J. :

The Court of Appeals held in this case, that the defendants were trespassers in laying their tracks over the plaintiffs' land in the street in question, without his consent, or the appraisal and payment of his damages.    They held, also, in accordance with well established rules, that the plaintiffs are consequently entitled to an injunction restraining the defendants from continuing the trespass, upon the ground of preventing irreparable mischiefs and a multiplicity of suits ; and that the court having jurisdiction of the subject-matter, for the purpose of giving equitable relief, may also, in this action, award 'damages to the plaintiffs for the past injury.

The proper measure of damages in the case was not considered by the Court of Appeals.    It presents a novel question, and one of considerable difficulty.    The referee having found that by the construction and use of the railroad, Williams sustained damage, not only by the use of that part of his land upon which the railroad was laid, but also in the impaired value of his lands fronting on the street, allowed damages of the latter description, and the defendants' counsel claims that the allowance was erroneous.    He insists that the case is to be governed by the rule prevailing in actions at law for trespass *quare clausum fregit ;* to wit, that the plaintiffs, if disseized, can recover only for the entry and ouster, and not for the continuance of the trespass, unless he has regained possession by re-entry.    He also insists that the damages should be confined to the strip of land actually taken by the defendants, and should not include consequential damages to the adjoining lands.

It may be assumed that the acts of the defendants amounted to a *disseisin.*    The Court of Appeals held, in the case of *Carpenter* v. *Oswego and Syracuse R. R. Co.* (24 N. Y., 655), that the owner of land covered by a highway upon which a railroad company had laid its track, without his consent, and without making

compensation, may maintain ejectment to recover possession. And in the later case of *Wohler* v. *The Buffalo and State Line R. R. Co.*, not reported, which was an action of trespass, the same court held, as appears by the manuscript opinion of GROVER, J., handed up by the appellants' counsel, that the wrongful laying down and use of a railroad track by running trains upon it was a *disseisin*, and that the owner of the land could only recover for the entry and ouster until he had regained possession.

But we are of the opinion that the rules invoked by the appellants' counsel are not applicable to the present case. The judgment now appealed from having determined that the plaintiffs are entitled to a perpetual injunction restraining the defendants from making further use of the *locus in quo*, the position of the respondents is analogous to that of a plaintiff who has recovered judgment in an action of ejectment entitling him to the possession. The circumstance that the allowance of the injunction is dependent upon a condition to be performed by the plaintiffs does not affect the question, as their ability to perform the condition is obvious, and their willingness to do so is evinced by the fact found by the referee, that on the trial they tendered a stipulation to do the acts which the condition requires. The case is to be regarded as if the condition had been performed, and the injunction had issued.

We are therefore brought to inquire what damages the plaintiffs are entitled to recover, upon the assumption that they have regained possession. As the defendant's tracks, and the use made of them, were a continuous trespass upon the plaintiffs' lands, amounting to a nuisance, the plaintiffs are entitled to recover for the injuries directly resulting therefrom. Is the counsel for the appellants correct in his position that the damages are limited to the strip of land actually occupied by the tracks of the railroad, and do not include damages to the adjoining lands? When the railroad was constructed, the plaintiffs' lots extended to the centre of the street. The road was built upon a portion of each lot. Had the defendants instituted a statutory proceeding to acquire the title to the land needed for their tracks, on making compensation, while the plaintiffs, or their testator owned the entire lots, the land in the street would have been regarded as still forming a parcel of the original lots, subject to the easement,

and the depreciation in the value of the portions of the lots adjoining the street, as well as the value of the portion proposed to be taken for the actual use of the railroad, would have been a proper element of damage in such proceeding. (*The Troy and Boston R. R. Co.* v. *Lee*, 13 Barb., 169; *Rood* v. *The N. Y. and Erie R. R. Co.*, 18 id., 80; *Furniss* v. *Hudson River R. R. Co.*, 5 Sandf., 551; *Matter of Prospect Park and C. I. R. R. Co.*, 13 Hun, 345; 16 id., 261.) Such depreciation was the direct result of the construction and use of the railroad. The case of *Proprietors of Locks and Canals and ano.* v. *The Nashua and Lowell R. R. Corporation* (10 Cush., 385), cited by the appellants counsel is not in point. There, the owner of land not abutting on the defendants' railroad, and situated at some distance from it, claimed damages for depreciation in its value caused by laying the railroad across a street leading thereto, and also by reason of waste water being set back upon the land, in consequence of the railroad being constructed across a street gutter without a culvert. It was held that the damages claimed were consequential and remote, and could not be recovered. Ch. J. SHAW, who delivered the opinion of the court, distinguished the case from those where the damage to real estate is direct, by passing over it, or part of it, or, to quote his language, " which affects the estate directly, though it does not pass over it, as by a deep cut or high embankment, so near lands or buildings as to prevent or diminish the use of them ; " and he expressed the opinion that the particular circumstances stated by him would present proper subjects for the assessment of damages. The statute of Massachusetts, under which the proceeding was had, gave a remedy only for damages necessarily caused to the land by the railroad (p. 388). The referee in this case has found upon testimony which fully warrants the finding, that by reason of the construction and use of the defendants railroad, the plaintiffs' testator sustained damages in the impaired value of his lands and of the rents and profits thereof. In ascertaining the amount of such damage, he fixed the amount of the depreciation in value of each lot, and to that he added interest, computed from a date not exceeding six years prior to the commencement of the suit. There appears to have been no allowance for the depreciated value of the use or of the rents and profits, other than

the allowance of interest. In theory of law and in fact, the damage, consisting of the depreciation in value of the land, was sustained when the defendants built and commenced using their railroad.

The subsequent sale of the land by the plaintiffs did not divest them of their right to recover damages, that right having been reserved to them by express agreement with their grantees or operation of law ; but it had the effect to deprive them of all remedy for the recovery of such damages, unless they are recoverable in this action. It has been said already that the damages in question would have been a proper subject of award in a proceeding instituted by the defendants to acquire the right of way, while the plaintiffs were the owners of their original lots. But if the defendants should hereafter institute a proceeding for that purpose, they could not be required to make compensation for the depreciated value of the lots fronting on the street, for the reason that the plaintiffs no longer own them and the present owners have no interest in the lands which the defendants would seek to condemn, so that if the item of damage under consideration cannot be recovered by the plaintiffs in this action, not only are they without remedy, but the wrong-doer is exempted from its payment. The plaintiffs and their testator in selling violated no duty. They were under no obligation to the defendants not to sell. They had a right to sell whenever they chose.

On the whole, we think the item of damages in question was properly allowed. That the plaintiffs are also entitled to interest upon it, as allowed by the referee, seems clear. It is but a fair compensation for the depreciated rents and profits before the sale and for the use of the principal sum represented by the depreciated value of the land to which the plaintiffs have been entitled since the sales. The plaintiffs are not chargeable with unreasonable delay. The defendants are in fault, having wrongfully taken and withheld possession of the land of the plaintiffs' testator nearly forty years, without instituting proceedings to acquire the right to do so on making compensation.

These conclusions do not conflict with the decision of the Supreme Court in the fifth district, on the appeal from the judgment rendered upon the second trial. In two particulars, the

case as then found by the referee differed from the case now presented. The prayer for an injunction was denied, and a portion of the plaintiffs' lands fronting the street had not then been sold. Mr. Justice MULLIN, who wrote the prevailing opinion, thought the case was a proper one for an injunction; but as no appeal was taken from the part of the decision which denied the injunction, he did not discuss it, and the case was necessarily treated as one in which the plaintiff was not entitled to an injunction.

The judgment requires certain other damages to be paid by the defendants on their being tendered a deed and release. That portion of the damages consists exclusively of the value of the strip of land appropriated by the defendants for their tracks, as found by the referee. The defendants' counsel objects to that part of the judgment that it makes a bargain for the parties, and that it compels the defendants to buy at a price fixed by the referee under a threat of an injunction if they refuse. That view of the matter is hardly warranted. The plaintiffs are entitled to an injunction, unconditionally, and they alone can complain of that feature of the judgment. The terms prescribed are for the benefit of the defendants, and afford them an opportunity to purchase the fee of the land without the expense and delay of a special proceeding for that purpose, and the stoppage of their trains by injunction in the meantime. If they do not choose to avail themselves of it, the case will be the same as if the injunction had been ordered without any condition.

The counsel for the defendants argue that this provision of the judgment was held erroneous by the Supreme Court on the second appeal. The decision, then under review, was very different from the present judgment in that respect. It ordered payment, unconditionally, of the whole amount of damages awarded, and provided that upon such payment the fee of the soil covered by the track should vest in the defendants for the purposes of their railroad, subject to the public easement. It was not optional with the defendants to pay, or with the plaintiffs to convey. Judge MULLIN held that the decision was erroneous, in that it compelled the plaintiffs to convey, without their consent, on receiving the damages which the law awards for the trespasses of which they complained; and also, that as the decision necessarily implied

that the damages included the value of the property taken, a measure of damages was adopted not applicable to an action for trespass on lands. The present judgment is not liable to either of those objections.

It follows from the views above expressed that the judgment should be affirmed. The plaintiffs are entitled to costs.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment affirmed, with costs.