# N. Y. SUPERIOR COURT.

## WILLIAM S. WILLIAMS and RUFUS HATCH agt. THE WESTERN UNION TELEGRAPH COMPANY.

*Code of Civil Procedure, section 629 — Cases that do not fall within the class of actions contemplated by the late amendment to this section.*

The court has power, notwithstanding the pendency of the appeals in the court of appeals, to vacate the injunction orders upon defendants executing undertakings as provided by this new amendment of section 629 of the Code of Civil Procedure, if proper and sufficient grounds are presented.

But when, as in these cases, the general term has decided that the distribution, without consideration, of a large amount of stock was in violation of positive law, and consequently the payment of dividends on such stock would be illegal, and that plaintiffs have a sufficient standing in court to call for the enforcement of the law, they do not fall within the class of actions contemplated by the amendment.

No court has any right or power, upon an offer by a corporation to indemnify a few individuals against pecuniary loss, to grant in effect permission to such corporation to continue to violate the law of the land (*See, also, Metropolitan Elevated Railway agt. The Manhattan Railway Company, ante,* 277 ; *and Metropolitan Elevated Railroad Company agt. The Manhattan Railway Company and The New York Elevated Railroad Company and others, ante,* 319).

*Special Term, July,* 1883.

MOTION to vacate the injunction orders of December 26, 1882, upon defendants executing undertaking as provided by section 629 of the Code of Civil Procedure.

FREEDMAN, *J.* — I have no doubt of the power of the court, notwithstanding the pendency of the appeals in the court of appeals, to grant the relief prayed for on these motions, if proper and sufficient grounds were presented ; for I do not find that the Code of Civil Procedure has changed the law as laid down by me in *Ireland* agt. *Nichols* (9 *Abb.* [*N. S.*], 71). But the motion papers do not present proper and sufficient grounds. The general term of this court has decided that

the distribution, without consideration, of $15,000,000 of stock was in violation of positive law; that consequently the payment of dividends on such stock would be illegal, and that the plaintiffs have a sufficient standing in court to call for an enforcement of the law. Assuming, as I must, the correctness of this decision, the cases at bar do not fall within the class of actions contemplated by the amendment of 1883 to section 629 of the Code of Civil Procedure. No court has any right or power, upon an offer by a corporation to indemnify a few individuals against pecuniary loss, to grant in effect permission to such corporation to continue to violate the law of the land.

The motion must be denied, with ten dollars costs.