Rumsey, J.
It is conceded that the plaintiff owns the land to the center of the street in front of her premises, and consequently, that a portion of the track of defendant which it is restrained from laying down will be upon her land. The defendant proceeded to lay down its tracks upon the plaintiff’s premises without having procured authority to do so from plaintiff and without having condemned the land. It is settled that the establishment of a horse railroad in the public street of this city is the imposition of an additional burden upon the land of the proprietor, and that it cannot lawfully be done without a grant from the *54 owner or procuring the land to be condemned for that purpose by a commission (Craig v. R. C. & B. R. R. Co., 39 N. Y. 404).
There was no pretense that either of these things was done in this case. Indeed, it was conceded that defendant had no legal right to use the street in front of plaintiff’s premises. But the defendant asks that the injunction may be vacated upon its giving a bond, as provided by section 629 of the Code of Civil Procedure. This section is very broad in its provisions, and it is claimed to authorize the court to substitute a bond for the possession or control of property, however well founded may be the plaintiff’s title or however important it may be to him to have that title enforced, provided only that it is not irreparable. Under this statute, giving it the broad effect claimed for it, if any man chooses to erect a slaughter-house in front of his neighbor’s house, or if a railroad company wishes to build its road through the house, a court may take away the protection of the law and give the property up to the trespasser, upon receiving a bond to pay the damages. The effect of this would be in many cases to destroy.the legal right. Indeed, in this case, the learned counsel for the plaintiff did not hesitate to claim that under this statute, it was the duty of the court to ignore what he called the “ technical” legal right of the plaintiff to satisfy the alleged convenience of the public. The right of the plaintiff to have no new burden imposed upon the premises in front of her lot is as well settled and as clearly property as though the land proposed to be used were a part of the front yard of her house. It may not be profitable to her, but it is her property. She may maintain ejectment for it, if it is taken for any other purpose than a highway (Carpenter v. O. & S. R. R. Co., 24 N. Y. 655). She may maintain trespass for a perversion of its use (Adams v. Rivers, 11 *55 Barb. 390). In either of these cases, she would be entitled to a trial by jury. She is protected by the constitution from having it taken for any other purpose than a public highway until her damages have been appraised and paid. All this shows that her right is a substantial right of property which the law [Tom all time has recognized and protected. If this statute shall be construed to give the court power to summarily take away such a right and thus deprive the owner of her land without a trial by jury or without an appraisal and payment of damages, it is doubtful whether it would be constitutional. It may be said that such a construction does not take the property but only leaves the parties, as they were with regard to it, and secures the plaintiff from damages by exacting a bond. It is quite true that in this case, for instance, a dissolution of this injunction will not transfer the possession of this land to the defendant to lay its tracks upon, but it will take away the protection which the law gives to the owner of the property and leave the defendant free to occupy it in despite of the true owner and in violation of her rights. There is no difference in principle between taking away a man’s title to his property and taking away his privilege of calling upon the court to protect him from invasions of his rights. It has often been held that a law which deprives the contractor of the power to enforce his contract, impairs the obligation of the contract equally with one which annuls it. And so I think that a construction which turns the property owner over to a trespasser without redress, takes away his right of property as much as though it purported to transfer the’actual possession.
But I do not think such a construction as is claimed is the true one. There are many cases presented to the court in which the legal rights are doubtful, and justice may require that the parties should be left *56 without interference of the court until their rights are decided by a final judgment. In such cases, the course permitted by the statute may be proper and in furtherance of justice. In such cases, it was quite common to dissolve the preliminary injunction leaving the plaintiff without protection until his rights were established by a judgment. But this course frequently worked injustice to plaintiff by giving him no remedy for injuries he might suffer during the pendency of the suit, except a judgment for damages against an irresponsible defendant. It was quite proper that such possible injustice should be prevented, and so section 629 gives the court the power to secure the plaintiff for the damages he may suffer, pendente lite, by a dissolution of the injunction in a doubtful case. But the statute should not be construed to apply to any but a doubtful case ; such an one as would call upon the court to vacate or refuse to grant a preliminary injunction. Where the legal right is plain and clear and the violation of it is undoubted, courts have no right or power to do that which amounts to a grant to a defendant of permission to violate the law (Williams v. Western Union Tel. Co., 65 How. Pr. 326). Especially is this so when such a grant practically takes the property of the plaintiff and transfers it to the defendant in violation of right and without compensation. The law may be broad enough to permit of such a construction, but it was never intended and should not be so interpreted.
' For these reasons, this motion must be denied, and the same result must follow in the five other cases argued at the same time.