## CARPENTER *v.* THE OSWEGO AND SYRACUSE RAILROAD COMPANY.[*]

Ejectment lies by the owner of the fee in land subject to a public easement, against a party appropriating it to private occupation.

The laying down in a street by a railroad corporation of its track and rails is such an exclusive occupation as to give an action to the owner of the fee, although the track has not been used, nor connected with other portions of the railroad which were in use.

APPEAL from the Supreme Court. Ejectment for a strip of land, fifty feet long and thirty-eight feet wide, in the city of Oswego. Defence, that the land was part of a public street, and that the occupation of the defendant was by the permission of the municipal authorities. The trial was before a referee, whose general report was that the plaintiff had an estate in fee in the land, and that the defendant was wrongfully in the possession thereof. In his finding of facts he stated that the defendant, in October, 1853, laid down a single railroad track across the plaintiff's land in the street called the "Extension of Water street;" that it had not used the track, and had not used the land described in the complaint, or any part of it, except by laying down the track aforesaid; and that "the

[*] Decided at December Term, 1861.

defendants do not connect with the track laid across said lot.' Upon the trial, documentary evidence was given to show the appropriation of the land in question by the city authorities for a street; and it was proved that the street was opened and worked under color of such appropriation. The plaintiff disputed the validity of the appropriation. The defendant insisted that no such possession or occupation by it was shown as would sustain the action of ejectment, and that it claimed no title or interest in the land to the exclusion of the public; that no judgment which the plaintiff could get would give him a right to the premises, as the public would still be entitled to use them as a street. The Supreme Court, at general term in the fifth district, reversed the judgment entered by the direction of the referee for the plaintiff, and ordered a new trial. The plaintiff appealed to this court.

*Lyman Tremain,* for the appellant.

*Edwin Allen,* for the respondent.

DAVIES, J., discussed the question as to the validity of the proceedings instituted by the corporate authorities of Oswego to appropriate the land in question for a street, and arrived at the conclusion that they were defective and gave no title to the city or the public. As this point was not passed upon by the court, his remarks are omitted. The learned judge then proceeded:

The only remaining question for consideration is, whether the action of ejectment is the plaintiff's proper remedy. It is conceded that the defendants entered upon the premises in question and constructed and laid thereon their railroad track. In their answer they state that, if said piece of land is occupied and possessed by them, it is so occupied and used by the permission and consent of the common council of said city of Oswego. As we have seen, the common council had no power to grant any right to the defendants to occupy the plaintiff's land; and their possession, under such license, conferred upon

Carpenter *v.* The Oswego and Syracuse Railroad Company.

them no legal right. It is not pretended that the plaintiff ever gave any permission to occupy the lands in question.

That the defendants entered upon the plaintiff's land, took possession thereof, and erected thereon their railway, affixing the same to the soil, are facts undisputed. The referee has found, as matter of fact, that the defendants are in possession of the premises described in the complaint; and the judgment entered on his report not having been reversed on a question of fact, this court are concluded by the fact as thus found. The action is properly brought against the actual occupant, in pursuance of the provisions of the Revised Statutes. (3 R. S., p. 592, § 4.) If the premises were not actually occupied by the defendants, as it is now claimed, then, by the provisions of the same section, it may be maintained against any person exercising acts of ownership on the premises claimed, or claiming title thereto, or some interest therein. Now, it is unquestionable that the defendants, at the time of the commencement of this suit, were exercising acts of ownership on the premises claimed, or claiming some interest therein. It has long been the well-settled and recognized rule in this State that an ejectment will lie for anything attached to the soil of which the sheriff can deliver the possession. (*Jackson* v. *May,* 16 Johns., 184.) Testing the present case by this rule, there is no difficulty in the sheriff delivering to the plaintiff the premises claimed, and which are found to be in the possession of the defendants.

The order of the general term, reversing the judgment of the special term, and granting a new trial, should be reversed, and the judgment given for the plaintiff by the special term be affirmed, with costs.

MASON, J., concurred. JAMES, J., concurred in the opinion that the land in question was not legally appropriated as a street; but he thought the act of the defendant was a mere trespass, and that no case was made to sustain ejectment. HOYT, J., thought the question whether the *locus in quo* was a street was not in the case. Ejectment lies to recover the plain-

tiff's land, although it were in a street; and the act of the defendant is a sufficient occupation by it to support the action. COMSTOCK, Ch. J., SELDEN and DENIO, Js., concurred with HOYT, J. LOTT, J., also concurred in the opinion that the action of ejectment was a proper remedy to recover land, though subject to public use as a street; but he agreed with JAMES, J., that there was no such occupation by the defendant as would sustain that action against it.

> Judgment reversed, and judgment at special term affirmed.