## Lillie B. Titus *vs.* City of Boston.

Suffolk.    March 5, 1889. — May 9, 1889.

Present: Morton, C. J., Field, W. Allen, C. Allen, & Holmes, JJ.

*City — Sewerage System — Eminent Domain — Removal of Soil —
Conversion — Statutory Remedy.*

A city, authorized to take land in different counties for the construction of a sew-
erage system under a statute giving a remedy to the landowners, may remove
from one county to the other soil excavated in constructing one part of the sys-
tem and there use it in constructing another part; and such an owner, who has
settled with the city and released it from all liability for the taking of his land,
cannot maintain an action against it for the conversion of such soil.

Tort for the conversion of loam and gravel alleged to be the
property of the plaintiff, and to have been taken by the defend-
ant from Moon Island in Boston Harbor to the Calf Pasture in
Dorchester, in constructing its system of improved sewerage.
The case was submitted to the Superior Court, and, after judg-
ment for the defendant, to this court, on appeal, on an agreed
statement of facts, the material part of which appears in the
opinion.

*A. Russ*, (*F. L. Washburn* with him,) for the plaintiff.

*A. J. Bailey*, for the defendant.

Morton, C. J.    The St. of 1876, c. 136, § 1, authorizes the
city of Boston, for the purpose of laying and maintaining a
main sewer running southeasterly from the direction of Charles
River, to build and maintain wharves, pumping works, and
reservoirs for said sewer on the mainland at or near the mouth
of the Neponset River, thence to conduct said sewer by means
of a siphon or tunnel under the bottom of the harbor to that
part of Quincy called Squantum, thence along or across said
Squantum and the flats adjacent thereto to Moon Island, and
to build and maintain on Moon Island reservoirs and other
works essential to a proper and convenient discharge of the
contents of said sewer.    By § 2, the city is authorized to take
such lands, buildings, wharves, and structures as may be neces-
sary to accomplish the objects of the preceding section ; and all
damages to private property, or for lands, buildings, wharves,

or structures taken under this act shall be ascertained as provided in chapter 43 of the General Statutes, which was the statute then in force as to the laying out and discontinuing of highways and town ways.

The statute of 1876 contemplates an extensive system of sewerage, a part of which is in the county of Suffolk and a part in the county of Norfolk. Acting under the statute, the city took many pieces of land, among which were a piece of land a part of the "Calf Pasture," so called, in Boston in Suffolk, and Moon Island in Norfolk, and proceeded to construct upon Moon Island an extensive system of reservoirs and other works, for the purpose of carrying out the system of sewerage authorized by the statute. Moon Island is an island in the harbor of Boston, containing about thirty-five acres, and it is not agreed, nor does it appear, that it was an unreasonable exercise of the power conferred by the statute to take the whole of it for the purpose of the sewerage system. In constructing the system the city took the loam and gravel excavated in making the reservoirs, and also some gravel from the other part of the island, which it carried by scows to the Calf Pasture, and used for an embankment in which a part of the main sewer is laid and constructed. The plaintiff contends that the city had no right to do this, and has brought this action to recover the value of the loam and gravel so removed.

We are of opinion that the action cannot be maintained. It is true, as claimed by the plaintiff, that the city did not acquire the fee of the land. *Tucker* v. *Tower*, 9 Pick. 109. But they did take the right to dig up the surface and to appropriate the soil and gravel so far as was reasonably necessary to carry out the plan and construct the work contemplated in the statute. It is closely analogous to the right which a town or a highway surveyor has to use the gravel and material on one part of the public way for the construction or repair of another part of the general system of highways. It has from the earliest times been the practical construction of our laws authorizing land to be taken for public use, that the towns or corporations had the right, as one of the incidents of the taking, to use the gravel or soil of one part of a way for the construction of another part, and that the owner's remedy is by an application for damages

under the statute, and no adjudication is found which conflicts with this construction.

In *Adams* v. *Emerson*, 6 Pick. 57, the court, in deciding that a turnpike corporation could not take the herbage growing on the side of the road-bed, is careful to say that the corporation in order to construct or keep in repair its road " may dig up and remove from place to place, within the limits laid out for the road, any earth, sand, and gravel, and may dig or cut up sods and turf." This right is also recognized in *Robbins* v. *Borman*, 1 Pick. 122, and in *Proprietors of Locks and Canals* v. *Nashua & Lowell Railroad*, 104 Mass. 1, 11.

In *Denniston* v. *Clark*, 125 Mass. 216, it was directly decided that a surveyor of highways has the right to take earth, gravel, and stones from one part of the way and deposit them on another part of the same way, and it is strongly implied that he may so remove materials to any part of the system of highways in his town, all being regarded as parts of one plan of public improvement for the accommodation of the public travel.

The same principle applies in the case at bar. The Legislature authorized the city to make a great public improvement, and to take lands necessary for that purpose. By the taking, and as an incident of it, the city acquired the right to use the soil and gravel on one part for the purpose of constructing the other parts of the improvement, and it can make no difference that the soil and gravel were carried across the county line to be used on the part of the system in another county. The remedy of those who owned the land at the time of the taking was by an application for an assessment of their damages under the statute. They could not maintain an action at law. In fact they have settled with the city, and have discharged it from all liability for the taking of the land. The plaintiff has, since the settlement, acquired the title of such owners in Moon Island. But by this settlement such owners received compensation for the right which the city had to remove and use the soil and gravel. The subsequent purchase by the plaintiff cannot defeat or divert this right of the city, and it is therefore clear that the plaintiff has no right of action against the city.

*Judgment for defendant affirmed.*