MATHEW P. SCHUSTER *et al.*

*v.*

THE SANITARY DISTRICT OF CHICAGO.

*Opinion filed February 17, 1899.*

1. EMINENT DOMAIN—*petitioner is judge of amount of land required.* A corporation having the power to condemn must be permitted to judge for itself the amount of land required, subject to the power of the court to restrain any abuse of power in that respect.

2. SAME—*when absence of proof of failure to agree on compensation can not be urged as error.* Absence of proof of failure to agree on compensation cannot be urged as error on appeal where the certificate of evidence preserves only the testimony before the jury, particularly where both parties have proceeded upon the theory that they could not agree on compensation, that controversy being the only one before the jury and upon which the evidence is conflicting.

3. SAME—*when admitting evidence of acre value is not error.* Admitting evidence of acre value, for agricultural purposes, of land described in the petition by metes and bounds as containing a certain number of acres, in connection with evidence of its value as subdivided town property, is not error, where the subdivision was made after the petition was filed and the jury viewed the premises.

4. SAME—*liability to inundation may be considered on question of damages.* Proof that property condemned as acre property but subsequently subdivided into lots and blocks is subject to inundation is admissible in the form of testimony of engineers, and photographs of the property, taken when overflowed, as bearing upon the question of the value of the property and its adaptability to the uses contended for by the parties at the time the petition was filed.

5. SAME—*proof of amount paid by petitioner for adjoining property is not admissible.* Proof of the price paid by the petitioner for adjoining property is not admissible upon the question of damages.

6. SAME—*trust deed not competent to go to jury on question of damages.* A trust deed given to secure the purchase price of a majority of the lots condemned having been received in evidence by the court upon a hearing to determine the question of title and interest of the various parties before submitting the case to the jury, is not competent to go to the jury on the question of damages.

7. SAME—*when verdict need not specify amounts due lienors.* A verdict in condemnation fixing the aggregate value of lots in groups, according to ownership and encumbrances thereon, as directed by the court, need not specify amount to be paid to each lienholder, where, prior to submitting the case, the court entered a preliminary decree finding the ownership and the amounts due the lienors.

APPEAL from the Circuit Court of Will county; the Hon. JOHN SMALL, Judge, presiding.

MEERS & BARR, for appellants.

HALEY & O'DONNELL, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Will county awarding the prayer of the petition of the appellee district, under the Eminent Domain act, for the condemnation of certain real estate belonging to appellants.

It was ruled in *City of Chicago* v. *Wright*, 69 Ill. 318, and that ruling was approved in *Chicago, Rock Island and Pacific Railroad Co.* v. *Town of Lake*, 71 Ill. 333, *Lake Shore and Michigan Southern Railway Co.* v. *Chicago and Western Indiana Railroad Co.* 97 id. 506, and *Smith* v. *Chicago and Western Indiana Railroad Co.* 105 id. 511, that the courts will not inquire into the necessity or propriety of the exercise of the right of eminent domain by a corporation having the power to condemn property, and in *Smith* v. *Chicago and Western Indiana Railroad Co. supra*, it was decided a corporation having such power must be permitted to judge for itself what amount of land is necessary for its purpose, subject to the authority resting in the courts to restrain any abuse of the power in that respect. In view of the fact nothing appeared to indicate there was such an abuse of the power, these adjudications answer the complaints of the appellants that the court allowed the case to go to the jury without proof the district needed the real estate in controversy for the construction of the channel.

It is urged it is not shown by direct proof the appellee district could not agree with the appellants as to the compensation to be paid for the property sought to be condemned. That was a preliminary question to be settled by the court in determining as to the right of the

appellee company to condemn the property. The certificate of evidence only purports to show the testimony produced upon the issues submitted to the jury. It is therefore to be assumed the finding and decree of the court the appellee was entitled to condemn the property, and the order that a jury should be empaneled to determine the issues as to the amount of the just compensation to be paid for the property to be condemned, were authorized by adequate proof. Furthermore, the appellants filed a cross-petition, in which they alleged property belonging to them but not taken would be damaged, and prayed that the compensation therefor should be assessed, and it also clearly appeared from the testimony produced in behalf of the respective parties there was such great divergence in the views entertained by the parties, respectively, as to the value of the property to be taken, as to unmistakably establish they could not have fixed upon a price by voluntary agreement. Both parties proceeded in the trial upon the theory they could not agree as to the compensation to be paid, and the whole contest between them was as to the value of the property, which they desired the jury to settle for them. As was said in *Ward* v. *Minnesota and Northwestern Railroad Co.* 119 Ill. 287, when the same point was urged upon a record in no material respect distinguishable from the record in this case, it would have been idle to offer direct testimony on the point.

The petition described the property to be taken by metes and bounds, and alleged the premises described contained 18.1 acres, more or less. The appellants contended the land described was a portion of an addition to the town of Lockport called "Rosedale," and that the premises described were certain lots, blocks, streets and alleys of the said addition. The appellee district adopted an ordinance March 30, 1892, locating its right of way over said premises, and the alleged subdivision of the premises into blocks, lots, streets and alleys was made

some two or more years thereafter. Appellee contends the alleged subdivision was for the purpose of giving the property a fictitious value, and that it was, in fact, of value only as acre property. It is complained the court allowed the appellee to inquire as to the value of the premises by the acre. The court also permitted the appellants to fix the value of the property by the lot, and the jury visited and inspected the premises. We find preserved in the record testimony tending very strongly to show the property has value only as acre property or for the purposes of agriculture or pasturage. In view of the fact the property had been subdivided into lots and blocks after the appellee district had adopted an ordinance selecting it as for condemnation for the uses and purposes of the district, and in view of the evidence tending to show the premises were adapted only for other purposes than city or town lots, and in the further view of the contention of the appellee district that the ulterior purpose of the subdivision was to secure a fictitious valuation of the property when condemned, we think the court correctly ruled the jury might hear and consider evidence as to the value of the land as acre property, as agricultural or pasturage lands, and as town and city property. The facts which such testimony disclosed to the jury legitimately bore upon a question of the actual value of the premises, and when supplemented by a view of the premises by the jury there seems no ground for the contention the owners of the ground were prejudiced by the proof of which appellants complained.

In this same connection we may add, in view of the issue before the jury it was not error to receive in evidence the ordinance adopted by the appellee district March 30, 1892, locating the line of the right of way of the improvement the district was engaged in making, over and on the premises here sought to be condemned.

Nor do we see any force in the objections interposed to the introduction of the testimony of engineers in the

employ of the appellee district, tending to show the premises in question were subject to be overflowed by the Desplaines river, or to the introduction of photographs of the premises taken at the time of an overflow. That the premises were subject to inundation was an element proper for consideration upon the question of its value, whether devoted to the purposes of farming or grazing or used as town or city lots as sites for residences or business houses. While the question to be determined was the value of the property at the date of the filing of the petition, still it was proper to permit the introduction of proof that the waters of the river had spread over it, or portions of it, at periods either prior to or after the filing of the petition. Such proof tended to show the value of the property and its adaptability to the uses contended for by the respective parties at the time of the filing of the petition.

The court properly excluded proof as to the amounts paid by the appellee district to other parties for land adjoining the property sought to be condemned. To have admitted such proof would have brought into the case collateral issues as to the respective qualities, adaptability to different uses and purposes, situation as to overflow from the river of the respective tracts, and perhaps other collateral questions wholly foreign to those to be determined by the jury.

The court also properly excluded from the jury, as incompetent to be given in evidence on the issue before them, a trust deed or mortgage given by one of the appellants to another appellant for the amount of the unpaid purchase price of the greater number of the lots. It is urged this trust deed or mortgage was competent evidence of the sale and to show the description of the property and amount paid for it. The facts of the sale and the description of the property sold, and its present ownership, were otherwise fully proven, even if the mortgage could be deemed competent evidence upon these

points. Furthermore, the mortgagor testified as to the amount paid or contracted to be paid by him for the premises included in the mortgage, and that a deed and mortgage were executed in accordance with the contract. The trust deed or mortgage, and the notes thereby secured, were received in evidence by the court upon a hearing had upon the question of title and interest of the various parties in the premises, prior to submission of the issue as to value of the premises to the jury. It had no legitimate office to serve in the hearing before the jury.

The instructions of the court are not open to the criticism particular facts are singled out and given undue prominence.

Prior to the submission to the jury of the issue of value or compensation to be paid, the court heard the evidence of the parties as to the title to the premises and the incumbrances thereon, and entered a preliminary decree finding the title and ownership of the property as lots and blocks in Rosedale, and ascertaining and declaring the amount due each lienor and the respective lots upon which the lien attached. All parties in interest were parties to the cause, and no one objected to this finding and decree of the court. The verdict of the jury assessed the aggregate value of the lots in groups, according to ownership and incumbrances thereon, as directed by the court, without returning any finding as to the amount of the incumbrances or liens on any of the lots. The insistence the jury should have determined, and in the verdict specified, the amount to be paid each incumbrancer or lienholder is not tenable. The amounts fixed by the verdict, when paid, will stand as in place of the lots, and the liens upon the lots will attach upon the money as upon the lots. The money will be distributed by the court under the decree entered declaring the title of the owners and the interest of lienholders, and the money awarded as compensation for each lot or group of lots will be first applied to the

discharge of the incumbrance or lien upon such lot or group of lots. *Chicago, Burlington and Quincy Railroad Co.* v. *Chamberlain,* 84 Ill. 333; *South Park Comrs.* v. *Todd,* 112 id. 379; *Thomas* v. *St. Louis, Belleville and Southern Railway Co.* 164 id. 634.

A number of witnesses were produced in behalf of the parties and much conflicting testimony adduced bearing upon the question of value of the premises for any and every use to which it could be put, and the jury examined the property. The conclusion of the jury is fairly within the range of the evidence. It met the approbation of the trial judge, who saw the witnesses and heard them testify, and there is no reason we should refuse to accept the estimate and assessment made by the jury of the amount to be paid as just compensation for the lots.

The decree preserves the rights of all parties in interest, is free from error and is affirmed.

*Decree affirmed.*