Section 29, Article XVI of the State Constitution mandatorily applies when private property is appropriated to the use of any corporation or individual;" and even if a corporation that is created and used as a State agency, is not subject to that organic section, when a delegated right of eminent domain is exercised by it, such corporate State agency is subject to the dominant *Page 627 
organic provisions requiring due process of law and just compensation in appropriating private property to the use of highways or other public purposes under the law. Sec. 12, Declaration of Rights. Even if the owner is not entitled to notice and an opportunity to be heard before his property is taken for a public use by direct Act of the Legislature, if the means of obtaining just compensation is reasonably secured to him, yet the owner has a right to be heard as to the amount of compensation that should be paid or secured to him; and such right extends to a determination of amounts to be paid into court or secured to meet an ultimate adjudication or compensation where such amounts are to be paid into court or secured as a prerequisite to an appropriation of the property pending condemnation proceedings. When the right of eminent domain is delegated with conditions to its exercise, the performance of the conditions is subject to judicial cognizance; and judicial authority is exercised upon notice and hearing. See Mississippi and Rum River Boom Co. v. Patterson,98 U.S. 403, text 406; Baltimore O. R. Co. v. Pittsburg, W. K. R. Co. 17 W. Va. 812.
In this State the determination of what is just compensation for private property that is taken for public use, is a judicial function that cannot be performed by the Legislature either directly or by any method of indirection.
Even if under the present constitution of this State, the Legislature may lawfully authorize private property to be appropriated to a public use upon the institution of condemnation proceedings and the payment into court or the securing of such an amount as the court may direct, to pay the adjudged compensation when finally ascertained, the amount so paid into court or secured should be duly determined by the court in the orderly course of judicial *Page 628 
procedure. The means and processes of such determination cannot lawfully be so circumscribed or arbitrarily controlled by legislative action as to make the amount to be paid into court or secured, a legislative and not a judicial ascertainment and determination.
Section 2, Chapter 10118, delegates to the State Road Department the right to condemn "all necessary lands * for rights of way" and any property "necessary and useful for road building purposes;" and purports to authorize said department to "enter upon the lands or other property sought to be taken and proceed to the construction of the State road or bridge for which said lands or property are necessary" provided the department shall have "secured to the owner of said property full compensation therefor, by depositing * double the amount of the value of said property as fixed by the judge of said court based upon affidavits of not less than three disinterested freeholders owning property in the vicinity of that sought to be taken."
This provision purports to authorize an appropriation of private property upon making a deposit and arbitrarily requires the judge to determine the amount of the deposit upon ex parte
affidavits of not less than three disinterested freeholders, without affording the owner any notice of opportunity to be heard and without using any other appropriate means or processes for determining the proper amount to be deposited from which to pay the compensation when the amount thereof has been duly adjudicated. Such provision is clearly an attempted statutory limitation upon the judicial powers that are by the constitution vested in the Courts of the State. And such legislative limitation of judicial powers necessarily invades the organic rights of the owners to due process of law and just compensation when private property is taken for public use. *Page 629 
In State ex rel. Moody v. Baker, 20 Fla. 616, the Constitution of 1868 was applicable, and the statute authorized the petitioner in condemnation proceedings to take possession of the property sought to be condemned when suit is begun and money is paid into court or secured to pay the compensation when finally ascertained. But the statute there required a sum sufficient to pay the compensation when finally ascertained to be paid into Court or secured as the court may direct, leaving the amount to be paid into court or secured, to the determination of the court by due course of law, upon notice, hearing, etc., without legislative limitation or restrictions.
The statute, Chapter 10118, delegates to the several counties of the State the power of eminent domain to condemn at the request of the State Road Department, all necessary lands for the purpose of securing rights of way for State roads, by the procedure prescribed and set forth in designated statutes, such lands to be first surveyed and located by the State Road Department.
The power of eminent domain is an incident of sovereignty and, within the limitations of organic law, may be exercised by the law-making power or may by it be delegated with appropriate limitations and conditions, such delegated power to be exercised subject to controlling provisions and principles of law. Whether the purpose for which private property is taken under the power of eminent domain is a public purpose is ultimately a judicial question. Hairston v. Danville W. R. Co., 208 U.S. 598, 28 Sup. Ct. Rep. 331. See Mears v. City of Akron, 246 U.S. 242, text 251, 38 Sup. Ct. Rep. 245; 20 C. J. 549.
While under the sovereign power of eminent domain the Legislature, unless restrained by the Constitution, may by direct statutory enactment appropriate particular private property to a public use without notice to the owner, provided just compensation for the property be paid or adequately *Page 630 
secured after being duly ascertained upon notice to the owner with a reasonable opportunity afforded to him to be heard in the premises; yet where the sovereign power is delegated with limitations or conditions upon the exercise of the right of eminent domain; the owner of property sought to be taken under such delegated authority has a right to be heard in an appropriate tribunal upon the question of whether delegated authority is being duly exercised in taking his property.
Where the taking or appropriation of particular private property for a public use is not by direct act of the Legislature, but is by a corporate State agency under delegated authority with conditions attached to the exercise of the power, the organic law contemplates that such taking or appropriation shall be by due course of law after notice and reasonable opportunity to be heard in the premises have been given to the owner. See Cotulla v. LaSalle Water Storage Co., (Tex.Civ.App.) 153 S.W. Rep. 711, 713; Lewis' Eminent Domain (3rd Ed.) Sec. 603.
The statutes confer upon the State Road Department, a corporation, and the several counties, authority to exercise the right of eminent domain to condemn property "necessary and useful for road building purposes subject to stated limitations and conditions, and such exercise is subject to applicable provisions of organic law as well as subject to the authority of the courts to determine, upon notice and other requirements of due process, whether the delegated authority is being duly exercised within the conditions and limitations imposed by law.
In this case the exercise of the right of eminent domain is by a subordinate agency upon which conditions are imposed, and the order authorizing the appropriation of private property was made ex parte without notice or an opportunity to be heard being given to the owner and without a hearing or determination that the statutory conditions of *Page 631 
the authority had been complied with; and likewise the sum required to be deposited for subsequent use as compensation for the property taken when the amount is determined, was based upon ex parte affidavits without notice to the owner who had an organic right to be heard upon matters affecting the compensation for property taken.
The Constitution commands that all courts in this State shall be open so that every person for any injury done him in his lands, c., shall have remedy, by due course of law, and right and justice shall be administered. If delegated authority to exercise the right of eminent domain is not exerted in accordance with the authority as conferred and thereby injury is done to any person, the courts are by the Constitution required upon proper procedure to afford appropriate remedy by due course of law.
Where, pursuant to the sovereign right of eminent domain, and in the absence of organic limitations, private property is appropriated by direct action of the law-making department, such action is controlling, provided the appropriation is for a public use and just compensation is duly paid or adequately secured; but where the right of eminent domain is delegated with limitations and conditions upon its exercise, the Legislature has no facilities for enforcing the conditions and limitations imposed upon the exercise of the right, and the authority and duty devolves upon the courts in appropriate procedure by proper parties to prevent an unlawful exercise of the delegated authority.
The intent of the law is the controlling element; and it seems clear that the intent of Section 29, Article XVI, of the Constitution is that no private property nor right of way shall be appropriated until full compensation therefor has been first paid or secured by deposit of money, which compensation shall be ascertained by a jury of twelve men in due course of law.
In this case the property was by interlocutory order in *Page 632 
effect authorized to be appropriated upon deposit of an amount determined by the court upon ex parte affidavits without giving the owner any notice or opportunity to be heard as to what is "full compensation;" and the interlocutory order made upon exparte affidavits as to the amount of the deposit to be made, necessarily embarrasses the owner in showing what is "full compensation," and denies the express organic right to have the compensation determined by a jury of twelve men before the property is appropriated to a conceded public use.
The order to which the writ of certiorari herein is addressed, authorizes the State Road Department, a corporation, to enter upon the lands sought to be condemned and to construct a highway thereon, upon depositing in the registry of the court a sum that is double the value of the lands as determined fromex parte affidavits, no notice or opportunity to be heard being given to the owner.
The organic provision that private property shall not be taken without just compensation, contemplates that before private property is taken for a public use, just compensation therefor shall be paid or adequately secured, and the owner is entitled to be heard as to what is just compensation before the property is appropriated, at least where the right to condemn is delegated to an agency with attached limitations and conditions to the exercise of the delegated authority. The statutes provide for orderly judicial proceedings to be had in due course of law, except that the provision of Section 2, Chapter 10118, for an order for the entry upon and the construction of a highway on the lands sought to be condemned upon the making of a deposit, the amount of which is determined upon ex parte affidavits without notice to the owner of the property, is an arbitrary attempt to appropriate property without due *Page 633 
process of law and without a lawful determination of what is just compensation for the property taken.
The petition for rehearing should be denied.
ELLIS AND BUFORD, J. J., concur.
 SPAFFORD CASE.