### ISAAC AND MARY FOSTER v. CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY.

#### No. 1868.

1. **Railway Company—Condemnation of Land.**—Where land has been condemned by a railway company for one purpose, it can not be applied by it to any other purpose without making compensation to the owner of the fee for the damage thus caused.

2. **Same—Application to Condemn—Statement of Purposes.**—Where the application of the railway company to condemn land states, that it is needed for "right of way, depot grounds, and other purposes," the words "and other purposes" should be stricken out on exception, and the damages assessed upon the basis that the land is to be used for right of way and depot grounds only.

3. **Same—Charge of Court—Issue and Verdict.**—Where in condemnation proceedings and under an application as set forth above, the evidence raises the issue that the railway company is seeking to acquire more land than it intends to use for right of way and depot grounds, it is error for the court to refuse the charge, that "if plaintiff has failed to show that it needs the land in controversy for right of way and depot grounds, or has failed to show how much thereof is needed for such purposes, you will find a general verdict for the defendant."

4. **Same—Deposit of Award—Judicial Notice.**—On appeal from the award of commissioners in a proceeding to condemn land, the court is not bound to take judicial notice that the amount of the award has been deposited with the clerk, nor of the circumstances and terms upon which such deposit has been made.

APPEAL from the County Court of Tarrant.    Tried below before Hon. ROBERT G. JOHNSON.

*Hogsett & Orrick*, for appellants.

*N. H. Lassiter*, for appellee.

HEAD, ASSOCIATE JUSTICE.— This is a proceeding instituted by appellee to condemn to its use certain land of appellants within the city of Fort Worth.

In this State a railway company is empowered to acquire from the owner, in the manner prescribed by statute, "any real estate or the material thereon required for the purposes of its incorporation or the transaction of its business, for its depots, station buildings, machine and repair shops, or for the right of way, or any other lawful purpose connected with or necessary to the building, operating or running its road."    Rev. Stats., art. 4180.

The railway is not, however, required to condemn each tract for all of these purposes, but can have it appropriated to its use for any one

of them, and the damages should be measured by the use to which the land is to be applied.   Where land has been condemned by the company for one purpose, it can not be applied by it to any other without making compensation to the owner of the fee for the damage thus caused.   Muhle v. Railway, 86 Texas, 459; Lyon v. McDonald, 78 Texas, 71; Buford v. Smith, 2 Texas Civ. App., 178.

The railway company is, therefore, properly required by statute to state in its application "the object for which the same (the land) is sought to be condemned."   Rev. Stats., art. 4182.   The report of the commissioners and the judgment entered in the County Court should of course follow the application, and distinctly specify the purposes to which the company is authorized to apply the property.

In this case the application of the railway states, that it was necessary for it to have the property "for right of way, depot grounds, and other purposes."   The judgment from which this appeal is prosecuted follows the application, and condemns the land to the use of appellee "as a right of way and depot grounds and other purposes."   The evidence shows that one of the principal uses to which appellee had in fact applied the land pending the proceedings was to obtain dirt and other material to raise the roadbed of another company, to enable it to pass thereunder.   We think under this application the damages should have been assessed upon the basis that the land was to be used for right of way and depot grounds only, and the judgment should have so restricted it.   The words "and other purposes" should be stricken from the application upon exception, as not sufficiently specifying the object for which the condemnation is sought.

Appellant requested the following charge, which was refused: "If plaintiff has failed to show from the evidence that it wants and needs the land in controversy for right of way and depot grounds, or has failed to show how much thereof, and the description of the part that is wanted and needed for each purpose, you will find a general verdict for defendants."   As stated above, under the application in this case, appellee only had the right to have the condemnation for one or the other of the purposes named in this charge, and did not have the right to appropriate any more of appellants' land than was reasonably necessary.   The evidence, we think, raised the issue that appellee was seeking to acquire more of appellants' land than it expected to use for the purposes for which the condemnation was being made, and the requested charge should therefore have been given, so as to restrict it within proper bounds.   The burden was upon appellee to furnish a proper description of the property it had a right to appropriate, which should be copied into the judgment.

The assignments to the rulings of the court upon the exceptions to the application, upon the ground that it does not properly describe the land, having been waived, we have not considered them.   Should they again be insisted upon in the court below, the law upon this subject will be found fully treated in Railway v. Parker, 84 Texas, 333.

Appellants requested the court to charge the jury, "that plaintiff having taken possession of the land in controversy, you can in no event find damages in a less sum than eight hundred and twelve dollars and fifty cents." We learn from a bill of exceptions that this was based upon the assumption that the evidence showed that appellee, since the award by the commissioners, had taken possession of the land, and that the court would take judicial knowledge of the fact that it had deposited the amount specified with the clerk.

There is evidence in the record from which it appears that appellee had entered upon the land and made large excavations, but the time at which this was done (whether before or after the award) does not satisfactorily appear. There is no evidence that a deposit had been left with the clerk as claimed, nor are we in any manner advised as to the circumstances and terms upon which it was made, if made at all. We are not prepared to hold that the court was required to take judicial knowledge of a transaction of this kind had with the clerk, not authorized by the statute nor explained in the pleading.

Ordinarily, a tender is made in pursuance of pleading setting forth the terms of the offer, and under such circumstances it may well be held that the court should instruct the jury to allow at least the sum tendered, or in a proper case should dispose of the money in the judgment, without a finding by the jury of the facts. The same rule would also obtain in cases where the deposit or tender is made in pursuance of a statute which directs the disposition to be made of it. Blum v. Stein, 68 Texas, 615. But we think it would be going too far to hold that the court must take notice of the terms upon which every deposit of money is made with its clerk by one of the parties to the litigation, and make the proper disposition of it in accordance therewith, regardless of the manner in which the knowledge is brought to its attention.

If it be true that appellee, being satisfied with the amount allowed by the commissioners, took no steps to appeal from their award, and paid the amount thereof to the clerk for appellants, we see nothing in this record which would prevent the latter, should they see proper to do so, from abandoning their objections and taking down the amount so deposited. This would, however, be a recognition of appellee's right to have a proper judgment entered in accordance with the award and application upon which it was based. Twombly v. Railway, decided by us April 10, 1895.

We therefore hold, that no error is shown by this record in the action of the court in refusing the charge complained of.

Reversed and remanded.

*Reversed and remanded.*

Delivered May 1, 1895.