**PARRISH et al. v. WICHITA FALLS, R. &
FT. W. RY. CO. (No. 9395.)**

(Court of Civil Appeals of Texas. Ft. Worth.
April 3, 1920.)

1. **Eminent domain** ⊂⊃191(6)—**Description sufficient where surveyor may locate land.**

A description of real estate in a petition for condemnation under Vernon's Sayles' Ann. Civ. St. 1914, art. 6506, which would enable a surveyor, or one skilled in locating land, to locate the land sought to be condemned, is sufficient.

2. **Eminent domain** ⊂⊃234(6)—**Commissioner's amendment of return to include purpose of condemnation proper.**

An award of commissioners in a condemnation proceeding is not void because they amended their return to the county court to include purposes for which it was sought to condemn the land not included in the first return, since it was proper to correct the report; and, if the commissioners held a second hearing on the question of damages, hearing evidence on the purposes of the railway company's use of the land, no injury was shown.

3. **Eminent domain** ⊂⊃58, 126(1)—**Railroad not required to condemn each tract for all the statutory purposes.**

In a condemnation proceeding under Vernon's Sayles' Ann. Civ. St. 1914, art. 6506, a railway company is not required to condemn each tract for all the purposes named in the statute, but to have a specific tract appropriated to its use for any one of the statutory purposes, and the damages should be measured by the use to which the land is applied.

Appeal from District Court, Eastland County; E. A. Hill, Special Judge.

Suit by Mrs. R. J. Parrish and others against the Wichita Falls, Ranger & Ft. Worth Railway Company to enjoin the defendant from taking possession of certain real property belonging to plaintiffs under a condemnation proceeding in county court. Judgment for the defendant, and plaintiffs appeal. Affirmed.

Marks & Flaherty, of Ranger, for appellants.
Levy & Evans, of Ranger, for appellee.

BUCK, J. This is an appeal from the judgment and order of the district court of Eastland county, denying to appellants a writ of injunction. The writ of injunction was applied for to prevent the railroad company from taking possession of certain property belonging to Mrs. Rebecca Parrish and children; other defendants named in the suit for condemnation having been satisfied and having accepted payment of the amount awarded. The main ground of appellants' appeal is that in the petition the land sought to be condemned was not sufficiently de-

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

scribed. Article 6506, c. 8, tit. 115, under the head of "Right of Way," provides:

"If such company and said owner cannot agree upon the damages, it shall be the duty of said company to state in writing the real estate and property sought to be condemned, the object for which the same is sought to be condemned, the name of the owner thereof and his residence, if known, and file the same with the county judge of the county in which such property, or a part thereof, is situated," etc.

[1] It is urged here that the description given of the real estate sought to be condemned, as shown in the petition for condemnation, is not sufficient. It is held that a description is sufficient, if it would enable one skilled in such matters to locate the land. H. & T. C. Ry. Co. v. Postal Telegraph & Cable Co., 18 Tex. Civ. App. 502, 45 S. W. 179; Adams v. Waterworks, 25 S. W. 165. Plaintiffs, appellants here, described the land in their petition for the injunction. We can see no substantial difference in the description of the land as given in their petition, and the one given in appellee's petition for condemnation, and we conclude that the latter description is sufficient to enable a surveyor to locate the land sought to be condemned.

[2] It is urged that the award is void, because the commissioners amended their return to the county court so as to include purposes for which it was sought to condemn the land not included in the petition of appellee and in the first return. The petition of the railway company contained the following allegation:

"Your petitioner further says that it desires to condemn said land and property herein mentioned for the purpose of constructing thereon its main right of way, and for the purposes of building, erecting, constructing, maintaining, and operating its main right of way, its railway line, and tracks, depots, both freight and passenger, station buildings of every kind and character, and all appurtenances thereto, machine shops, repair shops, and roundhouses, of every kind and character, with the appurtenances thereto, side tracks, and switches."

In another paragraph of defendant's petition in condemnation proceedings it sets out again the purposes for which it is sought to condemn the property described, and includes, in addition to the purposes heretofore mentioned, turnouts, turntables, water tanks, reservoirs, and connecting lines with other railroad lines in the city of Ranger. On December 29, 1919, the commissioners filed in the condemnation proceedings a motion containing the following:

"Whereas, we, the undersigned commissioners, have heretofore made an award in which it is stated that the application filed by the Wichita Falls, Ranger & Ft. Worth Railroad Company was to condemn a right of way over the hereinafter described lands, and which statement was not true in so far as it might be construed as a limitation upon the purposes for which said land was sought to be condemned, but as a matter of fact the said application was for the condemnation of the hereinafter described land for the purposes of construction, maintaining, and operating in every manner and way all necessary depots, roundhouses, repair shops, sidetracks, turnouts, switches, yards, turntables, water tanks, reservoirs, main line tracks, and switch tracks, and all other additional terminal facilities and things necessary and incidental to the construction, maintenance, and to the operation of a line of railroad and of its said line of railway."

This motion was granted. In this motion it was recited that the owners had been notified of the time and place of meeting in the manner and for the length of time required by law, and appeared in person and by attorneys, and that after having heard the evidence as to damages suffered by the owners of the property sought to be condemned, "and for the purpose of correcting our award hereinbefore filed herein, we assess said damages as follows," etc. We see no error in the action of the court in permitting the corrected award to be filed. If the commissioners at the time of the original hearing considered the purposes for which the land was sought to be condemned, as set forth in the application made by the railway company, then the report of the award first made was not in fact a correct report, and did not reflect the action of the commissioners, and was therefore properly subject to correction. If, as indicated in the motion of the commissioners, there was afforded a second hearing upon the question of damages, at which hearing the commissioners heard evidence and determined the damages based upon the purposes for which the railway company alleged the land was sought to be condemned, then in that event no injury to plaintiffs below is shown.

Appellee relies on such cases as City of San Antonio v. Sullivan, 23 Tex. Civ. App. 658, 57 S. W. 45, and Foster v. C., R. I. & T. Ry. Co., 10 Tex. Civ. App. 476, 31 S. W. 529, to support its contention of error. In City of San Antonio v. Sullivan, supra, the city condemned certain property owned by Sullivan for the purpose of opening a street, which it was alleged would be a straight thoroughfare from the point of beginning to the south line of the land owned by E. H. Cunningham. Condemnation proceedings were instituted against appellee, and the appraisers awarded the sum of $103 as damages. No exceptions were filed to the award by appellee, because, as alleged, appellee was willing to accept that sum if the street was laid out as set forth in the ordinance; but afterwards appellant, through its council, rescinded that portion of the ordinance that caused the street to pass across the land of E. H. Cunningham, which rescission caused the street to be a crooked and winding lane. It was held that the award theretofore made did not compensate

appellee for the damages which would result to him for using his land for the purpose of opening a street entirely different from the street first intended and described in the condemnation suit.

[3] In Foster v. C., R. I. & T. Ry. Co., supra, the application of the railroad company stated that the land sought to be condemned was necessary "for right of way, depot grounds, and other purposes." It was held by this court that the words "and other purposes" should be treated as surplusage, and the judgment should restrict the use. of the land to the requirements of a right of way and depot grounds. In this case it was held that the railroad is not required, under the statute, to condemn each tract for all of the purposes named in the statute, but to have a specific tract appropriated to its use for any one of the purposes mentioned in the statute, and the damages should be measured by the use to which the land is applied. In this last-cited case, it is held that—

"The report of the commissioners and the judgment entered in the county court should, of course, follow the application. and distinctly specify the purposes to which the company is authorized to apply the property."

We think the action of the commissioners in seeking to have its award amended, so that the same would agree with the purposes mentioned in the application, and with the purposes taken under consideration by the commissioners in their assessment of damages, was proper, and that no injury resulted to appellants by reason of the court's permitting the amendment to be filed.

We find no error in the record, and the judgment of the trial court is in all things affirmed.