**CITY OF DALLAS v. MALLOY et al.**

No. 4569.

Court of Civil Appeals of Texas. El Paso.

July 14, 1948.

Rehearing Denied Aug. 4, 1948.

H. P. Kucera, Robert L. Lattimore, Jon H. Shurette and Ernest Foree, all of Dallas, for appellant.

Leo R. Tresp, of Dallas, for appellees.

SUTTON, Justice.

This is an appeal from a judgment of the No. 2 County Court at Law of Dallas County in a condemnation proceeding.

The City of Dallas brought the proceeding to appropriate a tract of land 48 x 100 feet located within the City and to vest the fee simple title thereto in the City "for the purpose of the construction of a public auditorium." The trial was to a jury and on the verdict of the jury the court rendered judgment in favor of the property owners for $4,000.00, as the amount of damages for the taking of the property, and from that judgment the City has appealed.

The property owners set up in their objections filed to the Report of the Commissioners, among other things, that the City, its agents, servants, and employees knew prior to the institution of the condemnation proceedings the property sought to be condemned for auditorium purposes could not then or in the foreseeable future be used for such purposes but that it was sought to be condemned in truth and in fact for the purpose of constructing thereon an automobile pound and that the same was then and had been used for such pound purposes and that such constituted a fraud upon the owners and the Court and prayed that the proceeding be dismissed. The Court overruled exceptions to this pleading. Evidence was admitted over objection in support of the allegations and one of the two issues submitted to the jury was:

"Do you find from a preponderance of the evidence that at the time the City of Dallas filed condemnation proceedings to take the property involved herein as a site for the Municipal Auditorium the City of Dallas did not intend to thereafter use said property for such purposes?"

The issue was objected to. The answer was favorable to the City. The other issue required the jury to find the amount of damages the market value of the property at the time of the taking, which it did in the amount of $4,000.00.

The City as Appellant has twelve (12) points of error. Two of them complain of the action of the court in permitting counsel for the property owners to ask one of the City's witnesses on cross examination what the City had paid for two other pieces of property in the neighborhood; one in proceedings to condemn such property; and one in lieu of an impending condemnation proceeding; one complains of the admission in evidence the value of the property here involved contained in a tax statement sent out by the City; one because of the admission of proof of a proposed lease of the property, the subject of this litigation, and the monthly rental agreed upon, provided a permit could be secured from the City to build the character of building desired on it; the remaining points are predicated on the action of the court in refusing to strike the pleading wherein the property owners pleaded the property was not intended to be used for the purpose named; the admission of proof in support thereof and the submission of issue No. 1 wherein that question was submitted to the jury as hereinbefore set out.

We have concluded the City's first four points of error must be sustained:

Sums paid for property in condemnation proceedings are not admissible on market value, because such sales are not free and voluntary, Houston Independent School District v. Reader et al., Tex.Civ. App., 38 S.W.2d 610, and the authorities there cited. It is thought by the majority, about which the writer has considerable doubt, the fact the witness produced by the City had used the prices paid by the City for the two pieces of property as heretofore indicated in arriving at their estimate of the market value is immaterial. This is on the theory the price paid was the only material portion of the testimony and without it the remaining evidence proved nothing, and that it was error in

the instant case to permit the property owners on cross-examination to prove the amount paid.

 On cross-examination of one of the City's witnesses on the market value of the property in question the property owners were permitted to enquire as to the value contained in a City tax statement for the year 1947, without introducing the statement. This is the error complained of in the third point. The property involved here was taken by the City on June 4, 1946. The City was, therefore, liable for the market value of the property as of the date of taking. The tax statement, in so far as it reflected a value, was of January first, 1947. Further than this there is no showing at all that the statement came from the City. The Appellees insist the statement was admissible as an admission against interest on the basis of the authorities which hold a tax rendition made by a property owner is admissible as against interest. It is thought the cases are not analogous because the City represents the public and it may not be bound by the acts of its officials, unless it be shown to be the act of its governing body.

 We think the trial court also erred in admitting the proof touching the proposed lease of the premises. The testimony does not establish a bona fide accepted offer to lease but merely discloses a named prospective lessee agreed to lease the premises for a period of three years at $600.00 per annum payable monthly in equal installments of $50.00, provided a permit could be secured to erect thereon, at the lessee's expense, an ironclad building to be used for garage purposes. The City operates under a zoning ordinance and the permit was refused. The situation presented is nothing more nor less than a conditional offer to rent. There was no lease contract entered into between the parties nor anything done more than the offer to rent at the amount indicated and for the period named, provided the permit could be obtained. It is not, as is contended by the Appellees, an established, bona fide accepted offer of lease from a solvent tenant. There was nothing consummated between the parties. Turned around and looked at

from the other end, the owner proposed to rent the property for the rental and period named upon the other named conditions. The prospective tenant accepted conditionally. There might have been other contingent offers for other purposes. All the negotiations had were contingent and speculative. After all it was a mere unaccepted offer and these are not proper evidence of market value. Stone et al. v. Payne et al., Tex.Civ.App., 168 S.W.2d 503, and the authorities there cited.

 The other points concern the property owners' challenge of the purpose for which the property was condemned and as used, as we have heretofore indicated. We do not sustain these points. On the verdict of the jury, which was favorable to the City on this phase of the case, they became immaterial and we mention them briefly only because the case is remanded for another trial. The statute, Art. 3264, Vernon's Statutes, required the City to state the purpose for which it intended to use the property. It has been held, while property condemned for one purpose may be used temporarily for another, it may not be condemned for one purpose and appropriated to another use; Muhle v. New York, T. & M. Ry. Co., 86 Tex. 459, 25 S.W. 607, loc. cit. 609. The judgment of the court must follow the pleading and distinctly specify for what purpose the property is to be used, Foster v. Chicago, R. I. & T. Ry. Co., 10 Tex.Civ. App. 476, 31 S.W. 529, and the damage is to be determined and measured by the use to which the property is to be put, last case cited, and Parrish v. Wichita Falls, R. & Ft. W. Ry. Co., Tex.Civ.App., 224 S.W. 205. We are aware these cases are railroad cases in which less than the fee may be taken, but it is thought that fact does not alter the application of the principles. We conclude from the authorities, the City having designated the purpose to which the property was to be devoted as the site of a City Auditorium, it may not abandon that purpose and devote it permanently to an automobile pound, or if it had the intention to so use it rather than for the purpose stated, then the property owner had the right to challenge the

use and make proof of the allegations if it could be done.

For the errors indicated the case is reversed and remanded for another trial.

PRICE, Chief Justice and McGILL, Justice.

We concur in the disposition of this appeal and in the opinion of Associate Justice Sutton, except that portion of the opinion relating to the property owners' challenge of the purpose for which the property was condemned and as used. As stated in Justice Sutton's opinion, Art. 3264 Vernon's Statutes required the City to state the purpose for which it intended to use the property. This it did in the resolution of the City, approved May 1, 1946, authorizing and requiring the City Attorney to file condemnation proceedings and in its statement in condemnation filed on May 15, 1946. The intended use was stated to be for the purpose of construction of a public auditorium. There is no contention that such use is not a public use. Appellee alleged that the sole purpose for which the property was sought to be condemned and appropriated was for constructing and maintaining an automobile pound, to be used by the City for storage of impounded motor vehicles, impounded by the City in connection with the enforcement of its ordinances, rules, and regulations with reference to the use of such vehicles and was actually being used for such purpose.

In our opinion, the issue quoted in Justice Sutton's opinion, inquiring whether the City did not intend to use the property for a municipal auditorium at the time it filed condemnation proceedings, was not raised by the evidence. The mere fact that the City had used the property for an automobile pound since taking possession of it is insufficient to raise such issue. A temporary use for such purpose is not inconsistent with an original intention to use it for an auditorium;—an intention which could consistently continue, notwithstanding such temporary use. The plans of the Civic Center prepared by the City Engineer, showing the auditorium located on other property north of Royal Street constitute

no evidence of such intention, since such plans had never been approved by the City Council and, also, because, from Major Wood's testimony, it appears that even though the auditorium should be located as shown by the plans, the property in suit could and probably would be used for necessary parking space in connection with use of the auditorium and other buildings.

We think, however, that any evidence which might tend to show that, at the time the City sought to condemn the property, it did not intend to use it for a public auditorium is inadmissible in this proceeding and that the Court erred in failing to sustain the City's exceptions to defendant's allegations to this effect; in admitting any evidence which might tend to prove such allegations and in submitting the issue above quoted. The rule is well settled in this State, "that where the use for which property is sought to be taken under the power of eminent domain is public, the necessity and expediency of exercising the power, and the extent to which the property thereunder is to be taken, are political or legislative, and not judicial, questions, the legislative determination of which is conclusive, and not reviewable, by the courts. Those questions rest wholly within the legislative discretion." West v. Whitehead, Tex.Civ.App., 238 S.W. 976, loc. cit. 978, Writ Refused; Housing Authority v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053; Schooler v. State, Tex.Civ.App., 175 S.W.2d 664, loc. cit. 669, W. R. W. M. The City has determined that the use for which it seeks to condemn is for the construction of a public auditorium, as evidenced by the resolution of May 1, 1946, and its statement filed in the condemnation proceeding. If it had any ulterior motive as to its intended use of the property, the better rule and usual practice is that such may not be shown in the condemnation proceeding. Lewis, Eminent Domain, Third Edition, Vol. 2, Page 1070, Sec. 606; 18 Am. Jur., Page 973, Section 329; Johnson v. Baltimore, 158 Md. 93, 148 A. 209, 66 A.L.R. 1488.