E. Gladys COLE et al., Appellants,

v.

TEXAS POWER & LIGHT CO., Appellee.

No. 15239.

Court of Civil Appeals of Texas.

Dallas.

Oct. 18, 1957.

Rehearing Denied Nov. 22, 1957.

Eades & Eades, Eric Eades, Jr., Dallas, for appellants.

Burford, Ryburn, Hincks & Ford, Clarence A. Guittard and Cooper Blankenship, Dallas, for appellee.

CRAMER, Justice.

Our former opinion herein is withdrawn and the following opinion is now adopted in lieu thereof.

Appellee Texas Power & Light Company filed this eminent domain proceeding in County Court of Dallas County No. 1 against appellants E. Gladys Cole and others to condemn an easement or right-of-way (limited in many respects) over land belonging to appellants. After the Commissioners' award was duly appealed to the County Court a jury there, on special issues, found: (1) The reasonable cash market value of the 50-foot strip of land covered by the right-of-way or easement involved here immediately before the easement was condemned December 5, 1955, considered as severed land, was $1,007; (2) the reasonable cash market value of said land immediately after the easement was condemned, considered as severed land, was $750; (3) the reasonable cash market value of the remaining part of appellants' land, not including said 50-foot right-of-way or easement,

immediately before the taking was $6,375; and (4) the reasonable cash market value of the remaining part, not including the 50-foot right-of-way or easement, immediately after the taking was $6,075.

Under such findings the trial court entered judgment in favor of appellants for $557, and for the Light Company for a limited easement over appellants' land on which to construct an electric transmission line to be used "for transmitting and transporting electric current and power."

The judgment goes into considerable detail as to the use to be made of the condemned property and the limitations in its use, most of which details we shall not copy here as they are not material to this appeal.

The controversy here revolves around events which led to the inclusion of this provision in the judgment:

"It is further ordered, adjudged and decreed by the court that the easement and right-of-way herein recovered by plaintiff, Texas Power & Light Company, shall be subordinate to defendants' right to enter upon the land covered by such easement and right-of-way for the purpose of removing sand and gravel therefrom until May 1, 1957."

The original petition of appellee does not contain any allegations which would subordinate its easement to any right of the landowners to enter upon the land covered by such easement for the purpose of removing sand and gravel therefrom until May 1, 1957. No such limitation on the easement was included in appellee's application when evidence was submitted to the Commissioners with reference to the value of the property taken. Therefore no such limitation could have been included when the Commissioners' award of $750 was rendered on November 14, 1955.

The appellants on November 18, 1955, duly filed their objections to the Commissioners' decision and took appropriate action to perfect their appeal to the County Court at Law. On December 5, 1955, appellee paid double the amount of the Commissioners' award into the registry of the court; thus making December 5, 1955, the date of the taking of the property by appellee. Prior to the trial in County Court it was stipulated by the parties that December 5, 1955, was the date of the taking of the property.

On April 30, 1956, some months after the date of the Commissioners' award and some months after the date of the taking of the property by appellee and while appellants' appeal was pending in the County Court, appellee filed a supplemental petition in which for the first time it pleaded that the condemnation did not require interference with defendants' right to enter upon the land in question for the purpose of removing sand and gravel until May 1, 1957. The material part of this pleading was:

"Plaintiff says that the purposes for which the easement described in its original petition is being taken do not require any interference with defendants' right to enter upon the land in question for the purpose of removing sand and gravel therefrom until May 1, 1957. Consequently, plaintiff says that until such date, said easement shall be subordinate to defendants' right to enter upon said land for such purpose, and plaintiff will make whatever arrangements may be necessary to permit such operations."

Appellants on May 4, 1956, filed their motion to strike appellee's supplemental petition for the following reasons: (1) the said petition was really an amendment which sought to limit or change the property which had already been taken on December 5, 1955, and that there was nothing in appellee's original petition to so limit or restrict appellee's rights in the property condemned; (2) that the award of the special Commissioners assessing the damages occasioned by the condemnation was based upon said original petition and upon the properties and

rights and obligations therein described; (3) that the appellee thereafter on December 5, 1955, paid the amount of the Commissioners' award into the treasury of the court, and as of that date took possession of appellants' property pursuant to the rights and limitations described in their original petition, and cannot by amendment thereafter seek to limit the operation of such easement, having already taken complete control and right of possession of said easement as set out in appellee's original petition as of December 5, 1955, and the appellants herein are entitled to compensation measured by the value of the property taken and the injury to the property left, unaffected by appellee's promise thereafter made that it would not, before May 1, 1957, deprive appellants of the use and enjoyment of their land included within the condemnation proceedings; (4) that the allegations in appellee's said supplemental petition constituted merely unaccepted promissory statements of future intentions by the condemner as to what will be done or will not be done with respect to the property already taken by appellee and with respect to the rights of appellants in relation thereto and cannot as a matter of law affect either the character or extent of the condemner's rights already acquired on December 5, 1955, or the amount of damages appellee must pay as just compensation to appellants for the taking of their property on December 5, 1955; and (5) that appellee under the law cannot avail itself of a conditional or piecemeal condemnation, but must take whatever rights are sought to be appropriated as of the date of the taking and must pay in full therefor regardless of future intentions.

Appellants' motion to dismiss the supplemental petition was overruled and the appellants duly excepted.

Thereafter at the beginning of the trial of the cause in County Court on the 7th day of May, 1956, counsel for appellee made an opening statement to the jury that appellee would not actually use the easement until May 1, 1957, that appellants had until that time to remove sand and gravel, and that appellee would do anything necessary to permit them to remove same. This statement to the jury was objected to by appellants, but said objection was by the court overruled. During the trial appellee was permitted, over objection by appellants, to introduce testimony with reference to the offered right of appellants to remove sand and gravel prior to May 1, 1957. In the court's charge to the jury was this instruction: "You are further instructed that the easement taken does not include the right to interfere with defendants' right to enter upon said strip of land or upon any adjoining land for the purpose of removing sand and gravel therefrom, until the 1st day of May, 1957, and that until that date plaintiff will make whatever arrangements are necessary to permit such operations." Appellants objected to this instruction but their objection was overruled.

During his argument to the jury attorney for appellee made the following statement: "The Texas Power & Light Company is not going to interfere with the rights of the defendants to remove their sand and gravel at this time or prior to May 1, 1957. There is a ready market for the gravel at this time. Our witness Mr. Hill stated that they have jobs going on in that vicinity at this time. The defendants have all the right in the world to sell their gravel before May of next year. It looks like defendants don't want to sell their gravel but want to sell it to Texas Power & Light Company in this case. We don't want their gravel and we don't think we should have to pay for it. They can sell it to whomever they choose. Now of course the defendants can't be compelled to sell their gravel if they do not care to do so but they have every opportunity to sell it and if they do not the Texas Power & Light Company should not be required to buy it."

■ Appellants' brief presents four points on appeal, which in substance are as follows: (1) Market value in condemnation cases must be determined as of the date of the taking and not as of a subsequent date,

as was done in this case; (2) the charge of the court in this case constituted a comment upon the weight of the evidence; (3) appellee's supplemental pleading, evidence, and argument to the jury that the use of the easement would be delayed until May 1, 1957, were improper; and (4) the court's charge that the easement would not be used until May 1, 1957, was improper. Three of these points (1, 3 and 4) involve the question of whether appellee, having taken possession of the condemned property on December 5, 1955, could thereafter limit its taking and minimize the amount of damages to be paid, by providing in the judgment that appellants might carry on operations for removal of sand and gravel free of any interference by appellee until May 1, 1957. Points 1, 3 and 4 will be considered together in our discussion.

■ Under the record before us we are of the opinion that appellants' points 1, 3 and 4 are well taken. The supplemental petition is in effect an amendment which seeks to condemn a new and different interest in appellants' property—not the interest which was passed on by the Commissioners when they made their award of $750, and which was taken by appellee on December 5, 1955. Under the circumstances we do not believe the amendment was permissible. 16 Tex.Jur. 666. In a condemnation proceeding the land or interest in land taken and the purpose for which it is to be used must be definite and clear, must·be paid for before or at the time of the taking, and the statutory damages to which the owner is entitled must be computed as of that date. Constitution of Texas, Art. I, sec. 17, Vernon's Ann.St.; 16 Tex.Jur. 671, 712. The appellee, having on December 5, 1955, ousted appellants from their right of possession of their property where it interferes in any way with the use of the easement pursuant to its right to condemn, should be required to pay appellants for the full interest actually taken at that time, and not for a lesser interest.

■ Ordinarily a condemner may correct its errors, dismiss its proceedings for condemnation, or abandon the purpose, in whole or in part, for taking the land, but it may not exercise any of such rights to the prejudice of the landowner; and it may lose such rights by taking possession of the property. Brazos River Conservation & Reclamation District v. Allen, 141 Tex. 208, 171 S.W.2d 842; Thompson v. Janes, Tex. Civ.App., 245 S.W.2d 718. We think the above rule is applicable in this case. If appellee did not need to dispossess appellants of their right to mine gravel until May 1, 1957, it should not have taken possession of the property on December 5, 1955, under terms which did not leave any such right to appellants. Appellee's attempt thereafter to partially abandon its taking in order to reduce the damages resulting from the taking on December 5, 1955, certainly would, if allowed, result in prejudice to the owners.

We have found no Texas case directly in point with the facts in this case, but Perkins v. State, Tex.Civ.App., 150 S.W.2d 157, seems to us to be somewhat analogous. It is true, as appellee points out, that in the Perkins case there was no attempt to further limit the taking in pleadings filed after the taking. There was only the testimony of the District Highway Engineer that it was not the State's policy to remove ornamental shrubs and trees. But we believe the late filing of appellee's petition and the admission of the evidence in this case was as improper as the admission of the evidence in the Perkins case and that the rule there laid down is applicable here.

Appellee has cited a number of out of state cases which doubtless correctly lay down the law for their respective jurisdictions. However we think such cases do not correctly state the rule applicable in Texas under our statute. Points 1, 3 and 4 are sustained.

■ Point 2 asserts error in the trial judge's commenting on the weight of the evidence in his charge to the jury wherein he stated that after May 1, 1957, appellants here would still have the right to enter upon said lands and carry on operations for the

removal of sand and gravel, since such charge assumes the existence of facts not in the record; singles out this theory so as to give it undue prominence and indicated to the jury that he was of the opinion that such gravel could in fact be removed.

What we have said under points 1, 3 and 4 is adopted here. The charge wherein it stated in substance the matter here complained of, is in our opinion improper and a direct comment that the date of the taking was May 1, 1957, rather than December 5, 1955. Point 2 is sustained.

For the reasons stated the judgment of the trial court is reversed and the cause is remanded for another trial.

Reversed and remanded.

YOUNG, Justice (concurring).

My concurrence is limited to appellants' point 2; being of the opinion, on the other hand, that points 1, 3 and 4 should have been overruled. In appellee's original petition seeking to condemn the 50-foot strip across the land in question, the statement was made that the "right of defendants and subsequent owners of said land to cultivate said strip, raise crops thereon, or use it for pasturing live stock or for any other purpose, not inconsistent with plaintiff's enjoyment of the easement and right of way above described, shall not be obstructed or interfered with, except to the extent above stated."

The supplemental petition simply made less extensive the rights included in such easement. Appellee had not taken actual possession of the land at time of filing supplemental petition; and, for that matter, took no steps toward building its transmission line at any time before the trial. A condemner can abandon the taking of property, in whole or in part, after it makes its deposit and secures *right* of possession provided the status quo can be restored. Surely the landowner cannot claim prejudice here, the status quo not having been disturbed, and appellants in the mentioned points do not even assert prejudice.

"An agency clothed with power of eminent domain may not be forced to take land against its will, and, therefore, a condemnor who has not taken possession of land sought to be condemned has right to dismiss suit as to all or portion of land involved if project is to be abandoned, location changed, or project to be accomplished with less land than that initially sought." Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953, syl. 1.

"Where, after an award of commissioners, a trial was had in condemnation proceedings, under Sayles' Civ.St. art. 4468 (now Vernon's Ann.Civ.St. art. 3266), authorizing such a trial, as in other civil cases, on the filing of opposition to the commissioners' award, the court may permit plaintiff to amend his application so as to ask for a condemnation of a less quantity of land." Texas & N. O. R. Co. v. Postal Tel. Cable Co., Tex.Civ.App., 52 S.W. 108, syl. 2.