**COASTAL INDUSTRIAL WATER AUTHORITY, Appellant,**

.v.

**CELANESE CORPORATION OF AMERICA, Appellee.**

No. 17290.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 1, 1979.

Rehearing Denied March 29, 1979.

Fred R. Spence, Asst. City Atty., Houston, for appellant.

Winters, Deaton, Briggs & Britton, Alfred L. Deaton, III, Houston, for appellee.

WALLACE, Justice.

This is an appeal from an order of dismissal of plaintiff's statement in a proceeding to condemn a permanent water-line easement.

After appellee timely filed objections to the commissioners' award it withdrew the amount of the award. Appellant then constructed an underground water line along the easement. Prior to trial, the court sustained special exceptions to the plaintiff's statement and, upon appellant's refusal to amend, dismissed plaintiff's petition.

Appellant's points 1 through 13 complain of the trial court's dismissal order, contending that the greatest possible easement was sought, and that the required amendment would constitute only promissory statements, legal conclusions, and evidentiary pleadings, and force plaintiff to speculate as to future events.

The easement sought to be condemned by appellant is described in plaintiff's state-

ment, hereinafter referred to as the original petition, as follows:

". . . A permanent water line easement in, on, upon, along, under, over and across the following described tract or parcel of land",

There follows a metes and bounds description of a 7.72 acre tract approximately 2900 feet long and 115 feet wide. Appellee's exceptions to the above description complained that same did not set out:

1. "The specific rights and use of said easement by plaintiff."
2. "The specific rights and use of said easement remaining in defendant."

Appellee filed nine other exceptions setting out in detail the specific rights and uses of the easement which appellee contends should be specifically pled.

■■■ Upon filing of objections to the commissioners' award, the jurisdiction of the county court is established. *Pearson v. State*, 159 Tex. 66, 315 S.W.2d 935 (1958), and plaintiff's statement becomes the equivalent of an original petition. *Curfman v. State*, 240 S.W.2d 482 (Tex.Civ.App.—Dallas 1951, writ ref'd n. r. e.). The purpose of the petition is to describe the nature and extent of the easement required. *Texas Power & Light Co. v. Lovinggood*, 389 S.W.2d 712 (Tex.Civ.App.—Dallas 1965, writ ref'd n. r. e.). The interest in land taken must be definite and clear. *Cole v. Texas Power & Light Co.*, 306 S.W.2d 762 (Tex.Civ.App.—Dallas 1957, rev'd on other grounds, 158 Tex. 495, 313 S.W.2d 524). The description of the extent and use of the easement as set out in the petition serves the following purposes: 1. as notice to the opposing party of the basis of damages to which he may be entitled; 2. as a basis for admission of evidence as to damages; and 3. for use by the trial court in instructing the jury.

Appellant contends that they are seeking the greatest possible easement and, therefore, all matters set out in appellee's exceptions are evidentiary matters which, if pled by appellant, would become a limitation on their easement.

■■■ We find that when tested by special exceptions, appellant's description of the interest taken in appellee's land is not distinct and clear; ". . . a permanent water line easement . . ." does not distinctly specify the interest sought. Appellant should plead in such sufficient detail so as to distinctly specify the purpose for which he is taking the land. *Foster, et al. v. Chicago, R.I. & T. Ry. Co.*, 10 Tex.Civ. App. 476, 31 S.W. 529 (C.C.A.1895, no writ). The trial court must look to the facts of each particular case in determining the specificity required of the pleadings. We find that the trial court did not abuse its discretion in sustaining defendant's first special exception.

■■■ The landowner has all rights in and to the subject property not inconsistent with the reasonable enjoyment of the easement by condemnor. *Texas-Louisiana Power Co. v. Webster*, 127 Tex. 126, 91 S.W.2d 302 (1936); *Aycock v. Houston Lighting & Power Co.*, 175 S.W.2d 710 (Tex.Civ.App.— Galveston 1943, writ ref'd w. o. m.). Therefore, there is no necessity for the specific rights of the landowner to be set out in the petition.

■■■ Appellant's point 14 alleges error by the trial court in failing to enter a judgment based on the commissioners' award because appellee withdrew the funds from the registry of the court. The withdrawal of funds merely prevented the condemnee from contesting the right to take. It did not deprive appellee of a trial on the extent of his damages. *State v. Jackson*, 388 S.W.2d 924 (Sup.Ct.1965).

■■■ Appellant's point 15 contends that dismissal of their petition also dismissed appellee's objections to the commissioners' award and thus revoked the jurisdiction of the trial court to take any action other than to enter a judgment based on the award. Once either party files objection to the commissioners' award, jurisdiction of the county court attaches, and the commissioners' award is no longer of any force and effect. There is no longer an award upon which a judgment can be based. The case is treated

as any other case on the court's docket, subject to special procedures for trial set out by statutes and case law.

The order of the trial court is affirmed.