NO. 07-06-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 16, 2007
_____

DANIEL DOMINIQUE JAQUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 53,032-D; HON. DON EMERSON, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, CJ., and CAMPBELL and HANCOCK, JJ.

Daniel Dominique Jaquez appeals his conviction for burglary of a habitation. In one issue, he contends that the trial court erred in permitting the State to amend the indictment on the day of trial. The amendment consisted of correcting the date of a prior conviction pled for enhancement purposes. We affirm the judgment.

As previously mentioned, the State sought to amend the indictment to correct the date of the prior conviction pled in the enhancement paragraph. Notice of its intent to do

so was sent to appellant's trial counsel, and the latter admitted to having received it ten days before trial. Nonetheless, appellant objected when effort was made, on the day of trial, to formally amend the charging instrument. Before us, he asserts that the effort failed to comply with art. 28.10 of the Texas Code of Criminal Procedure for the provision does not allow amendment on the day of trial. We overrule the issue.

Authority also holds that while prior convictions used for enhancement purposes must be pled in some form, they need not be pled in the indictment. *Villescas v. State*, 189 S.W.3d 290, 292-93 (Tex. Crim. App. 2006); *Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997); *Johnson v. State*, 214 S.W.2d 157, 158 (Tex. App.–Amarillo 2007, no pet.). So too are we told not only that the deletion of surplusage from an indictment falls outside the requirements of art. 28.10 but also that surplusage encompasses language unessential to the validity of the indictment. *Johnson v. State*, 214 S.W.3d at 158. Since enhancement paragraphs need not be pled in the indictment, it logically follows that they are unessential to the validity of the instrument and comparable to surplusage for purposes of art. 28.10. *Id.* As a result, we conclude that modifying the date in the enhancement paragraph here does not implicate art. 28.10 and, therefore, the trial court did not violate the terms of that provision. *Id.*

Accordingly, we affirm the judgment.


Brian Quinn
Chief Justice


Do not publish.


2